GEORGE W. HUMPHRIES, plaintiff in error, vs. McWHORTER & BRIGHTWELL, defendants in error.

An endorser sued in the same suit with the maker of a promissory note, and residing in a different county, may waive the issuing of a second original and process, and his waiver will bind him.

Affidavit of illegality, from Cass county.   Decided by Judge TRIPPE, September Term, 1857.

An action was brought in the Court below by the firm of McWhorter & Brightwell, against Charles H. Hamilton of Cass county, as maker, and George W. Humphries, and Lloyd

& Pulliam, of Fulton county, as endorsers, to recover the amount of two promissory notes. In that action the jury returned a verdict for the plaintiff, and a *fi. fa.* issued upon that Judgment, which was levied on the property of Humphries. To the *fi. fa.* Humphries made an affidavit of illegality, swearing that he was advised and believed that the *fi. fa.* was proceeding against him illegally the judgment issued upon it being void as against him.

After argument, this affidavit of illegality was dismissed by the Court.

Counsel for Humphries then moved for and obtained a *rule nisi* to set aside the judgment rendered against him in the said action, on the following grounds:

1st. Because there was never issued against this movant any second original petition or process for Fulton county.

2d. Because this movant was never served with any copy process or copy petition.

3d. Because this movant never waived the issuing of any second original petition or its process against him, and never waived the service of any copy.

To this rule the respondent answered that the original declaration for Cass Superior Court was filed, to which process was duly attached and service had upon the maker, and that the following acknowledgment was made and endorsed upon the original petition and writ.

"Georgia, Fulton county,

We hereby acknowledge due and legal service of this writ, and waive copy and copy process, and all other service by the sheriff, August 6th, 1856.          [signed]

Jas. Lloyd, A. C. Pulliam and G. W. Humphries."

After argument the Court discharging the *rule nisi*, and refused to make it absolute.

Humphries vs. McWhorter & Brightwell.

Counsel for defendant then filed his bill of exceptions, saying that the Court erred,

1st. In dismissing said affidavit of illegality.

2d. In discharging said *rule nisi,* and in refusing to make said rule absolute.

OVERBY, BLECKLY, and HILL, for plaintiff in error.

HAYGOOD, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

Although it appears that error is assigned on the decision of the Court on the affidavit of illegality, it is not insisted on in this Court. The argument, here, was confined to the judgment of the Court below on the motion to set aside the judgment.

We think that the acknowledgement of service by the defendants, alleged in the declaration to reside in Fulton was sufficient to give the Court of Cass county jurisdiction as to them. The entire object of requiring a second original and process to issue when an endorser is sued, and resides in a county different from that of the maker of a promissory note, where the suit must be brought, is to assure the Court that the party has been served, by the proper officer, and that the party himself has legal notice of the suit. This object is fully accomplished by the acknowledgement of service by the parties in this case. The defendant was at liberty to waive a constitutional as well as a legal right in a matter of this sort. He did waive it, and must be bound by it.

Judgment affirmed.