12213.   GOLDSTEIN *v.* THE STATE.

BLOODWORTH, J.   1. " Every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself) may be waived.   One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void." *Lanier* v. *State,* 5 *Ga. App.* 472(2) (63 S. E. 536).   There was no demurrer in this case, the accusation was not " absolutely void," and the court did not err in overruling the motion in arrest of judgment.

2. There is ample evidence to support the finding of the jury, which has the approval of the trial judge, and this court will not interfere.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 13, 1921.

Accusation of cheating and swindling; from city court of Thomasville — Judge W. H. Hammond.   January 18, 1921.

The accusation was as follows: " By virtue of the affidavit of

Clarice Leggins, filed in said court, and in the name and behalf of the citizens of Georgia, H. Goldstein is charged and accused with having committed the offense of misdemeanor, for that the said H. Goldstein, on the 22d day of November, in the year 1920, in Thomas county, State of Georgia, with force and arms, then and there did unlawfully, wrongfully, and fraudulently represent to Clarice Leggins that he would put aside and keep for her a certain brown coat suit which she then and there selected, if she would pay him $3 in cash and $20.98 at any time before Christmas, 1920; when the said Clarice Leggins paid the full amount of $23.98 as aforesaid, he would deliver her the said coat suit; the said Clarice Leggins paid the said H. Goldstein $15.50 on said suit, and on the 20th day of December, 1920, the said Clarice Leggins tendered the said H. Goldstein the $8.48 that was still due, and demanded the suit; the said H. Goldstein refused to deliver her said suit or return her the said $15.50 she had already paid on the same; that the said representations were made with intent to defraud, and that they had deceived and defrauded the said Clarice Leggins; that the said H. Goldstein knowingly made said false representations; that Clarice Leggins, relying on said representations, was induced to part with the sum of $15.50, thereby being cheated and swindled by said H. Goldstein out of the said sum of $15.50, contrary to the laws of said State, the peace, good order, and dignity thereof."

The ground of the motion in arrest of judgment was that the accusation "sets out no offense under the laws of the State of Georgia." In the bill of exceptions it is alleged that the judgment overruling this motion was erroneous because (1) the accusation "showed on its face that it was only a breach of a promise to perform in the future," and (2) the accusation "showed on its face that there was no false representation as to a past or existing fact."

*Titus & Dekle,* for plaintiff in error.

*H. J. McIntyre, solicitor,* contra.