## 47679. WARE v. THE STATE,

CLARK, Judge. Can an accused waive the right to withdraw a plea of guilty before judgment is pronounced? This appeal presents this question for the first time.

Defendant female was indicted for murder. At the

arraignment hearing held July 14, 1972, defendant through competent counsel entered a plea of guilty to voluntary manslaughter. The able conscientious trial judge undertook to advise at length and in detail the defendant's legal rights with specific questions and explanations. During this interrogation the trial judge stated the statutory right contained in Code § 27-1404 for withdrawal of the plea of guilty at any time before judgment is pronounced. In doing so the court said "Do you wish to withdraw your plea of guilty?" to which the accused answered "No, Sir." When the case was called for sentencing three weeks later defense counsel undertook before judgment was pronounced to withdraw the guilty plea. The court declined to permit such withdrawal stating: "The defendant has freely, voluntarily, knowingly and intelligently relinquished, abandoned and waived her right to a jury trial and its full protection and her right to withdraw her plea of guilty as well as all other rights guaranteed to her by the Constitution and laws of the United States and the State of Georgia, as related to you and affected by this proceedings." (R. 39) Sentence was then imposed for the maximum of twenty years. Counsel next sought to prevail upon the court to reduce the term by pointing out facts that might amount to accident or self-defense as well as the absence of a prior criminal record. The colloquy disclosed the court had made an independent investigation that contradicted counsel's version. At no time was any testimony presented in open court.

Expressing concern for defendant's rights the court then advised defendant and her counsel of the propriety of filing a motion to vacate the judgment for good cause so that an appeal could thereafter be taken for a review of the trial judge's rulings on his position that defendant had waived her right to nullify her guilty plea.

After hearing this motion to vacate in which the decision

becomes one for the court's discretion, the judge entered a detailed order of denial. This order included findings of fact based on quotations from the arraignment hearing transcript. Additionally it contained specification as to defendant's various constitutional and statutory rights under both the Federal and State Constitutions that the court had considered. There was a specific conclusion that defendant had not been denied her statutory right authorizing withdrawal of a plea of guilty at any time before judgment is pronounced because of her waiver or estoppel.

Historically our statute giving such right to withdraw a guilty plea first appeared in substantially today's codal words at page 834 in Cobb's Digest of the Laws of the State of Georgia published in 1851. The pertinent language reads: "But at any time before judgment is pronounced, such prisoner may withdraw the plea of 'guilty,' and plead not guilty, and such former plea shall not be given in evidence against him or her on his or her trial." Every Code beginning with our 1863 version has contained substantially these words which now appear as a part of our present Code in § 27-1404. The continuance of this substantial verbiage shows the importance our law makers have attached to this right.

The construction of this proviso favorably to defendants in the decided cases confirms judicial concern for this protective prerogative. " [I]t is the signed writing and not the previous oral announcement, which constitutes the legal sentence." *Morgan v. Mount,* 195 Ga. 281 (24 SE2d 17). "[A]ny oral announcement by the judge as to what the sentence is to be, is no part of such pronouncement." *Wright v. State,* 75 Ga. App. 764, 767 (44 SE2d 569). See also *Blackwell v. State,* 121 Ga. App. 37 (172 SE2d 652) which followed the leading case of *Clark v. State,* 72 Ga. App. 603 (34 SE2d 608) wherein is discussed the cases dealing with this Code section

and where it was ruled a defendant could even withdraw his plea of guilty after oral announcement of the sentence.

In the case sub judice defendant attempted to withdraw her plea of guilty and substitute a plea of not guilty before the judge made any attempt to sentence her. "Before sentence is passed one accused of a crime may withdraw his plea of guilty as a matter of right." *Higgins v. State,* 92 Ga. App. 739, 741 (90 SE2d 40) and citations therein. "The right given a defendant . . . to withdraw his plea of 'guilty' and plead 'not guilty' at any time before judgment is pronounced, is not qualified or limited." *Fowler v. State,* 41 Ga. App. 333 (153 SE 90). This right has even been upheld where the witnesses have been dismissed, jurors discharged and sentences delayed at defendant's request. *Nobles v. State,* 17 Ga. App. 382 (86 SE 1073).

The trial judge's finding was based upon construing defendant's answers to his interrogation as amounting to a specific waiver of any right to withdraw her guilty plea. We cannot accept this view. Even though the traditional statute of the female figure of Justice shows her to wear a blindfold, Anglo-Saxon jurisprudence does not permit such legendary deprivation of the eyesight to prevent recognition by the courts of the realities of human nature. In making his decision as to acceptance of a guilty plea any trial judge might well expect an affirmative answer to his question "Do you waive your right to withdraw your plea of guilty?" This is due to an accused's natural reaction which would be to construe the question as suggesting a "Yes, Sir" reply as a condition to the court's acceptance of such plea. Nor should we blind our judicial mental vision to the reality of the accused's hope of earning the good will of the sentencing judge so as to obtain a more lenient sentence.

Under these circumstances we hold the propounding of

such query by the court to the accused as being contrary to the legislative intent of our statute.

The district attorney eloquently argues there are many constitutional and statutory rights that may be waived. He points out that "An accused may waive right to the benefit of counsel, Simmons v. State, 126 Ga. App. 401 (1972), citing Ford v. State, 227 Ga. 279, the right to trial by jury, Berry v. State, 61 Ga. App. 315 (1939), the right to a copy of the indictment and list of witnesses, Georgia Code Annotated Section 27-704, and the right to arraignment, Lyons v. State, 94 Ga. App. 570, 572 (1956); Tarver v. State, 95 Ga. 222 (1894)." It should be noted that none of these waivers amount to a surrender of the essential element: the right to a trial in which the facts of the crime are considered. In this connection the capable state's attorney cites *Bradford v. Mills,* 208 Ga. 198 (66 SE2d 58) which in part reads: ". . . yet one may waive or renounce what the law or Constitution has established in his favor (Code § 102-106; *Humphries v. McWhorter,* 25 Ga. 37, 39), including even the right of trial itself. *Goldstein v. State,* 26 Ga. App. 651 (1) (107 SE 176)." Because of this *Goldstein* opinion being cited as authorizing a waiver of the right of trial we have read every Georgia case in which such statement has been made. This study disclosed that this language stems from its first use in the case of *Sarah v. State,* 28 Ga. 576. There it was obiter dictum and not ratio decidendi. Every case since decided that parroted this phrase does so in a context in which the right to a trial was not in question but was used to support the waiver of other rights that did not include the surrender of the right of trial.

In fairness to the trial judge whose decision is being reversed we recognize instances have occurred where defendants have changed their minds upon learning their guilty pleas resulted in sentences exceeding those hoped for through a plea of guilty and by withdrawal

thereafter elected to take their chances before a jury. Undoubtedly the trial judge also recognized the resulting encroachment upon time of the court and of its officials as well as the added expense to the public through such withdrawal. Here the procedure adopted by the trial judge in order to make known to the defendant all of her rights accruing under the Federal and State Constitutions and our state statutes including § 27-1404 indicated his genuine concern for the accused to understand her position, particularly when he indicated his sentence might be the maximum. Nevertheless, judges, even those in the appellate court, must consider their own human frailties. In adherence to our duty to administer impartial justice courts must avoid short-cuts or any other device that might deprive our humblest citizens of their right to a fair trial. Illustrative of a possible miscarriage of justice in the instant case was the difference of opinion between counsel and court concerning the facts constituting the offense. This situation can arise when testimony is not subjected to the acid test of cross examination. To deprive defendant of her right to withdraw her plea as given by our statute since early in the nineteenth century was error. In accord with this view is the opinion of another division of our court in *Farmer v. State,* 128 Ga. App. 416.

Even though there is currently a hue and a cry against courts enforcing our time honored individual rights earned through the blood of American patriots, we cannot and we shall not yield to such clamor. The courts must remain the bastion protecting the individual and his rights. This philosophy needs neither preachments nor homilies in support as the basic reason has been eloquently stated in these words: "The rights of the best of men are secure only as the rights of the vilest and most abhorrent are protected."

People v. Gitlow, 234 N. Y. 132, 158 (136 NE 317), dissenting opinion.

The trial court erred in not permitting defendant to withdraw her plea of guilty and enter a plea of not guilty, in sentencing defendant after she made a motion to withdraw the plea of guilty and in overruling defendant's motion to vacate, arrest and set aside the sentence and judgment.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 4, 1973 — DECIDED MARCH 6, 1973.

*Palmour & Palmour, James E. Palmour,* for appellant.

*Jeff C. Wayne, District Attorney, Robert W. Lawson,* for appellee.