## 47832. FARMER v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was charged with the offense of escape from lawful confinement and entered a plea of guilty. At the arraignment hearing, the lower court quite conscientiously and meticulously advised him of all his rights, the nature of the proceedings, the implications of the plea, etc. The court also advised him that he had the right to withdraw the plea at that time or after sentence was stated and imposed but before signing it and filing it with the clerk, and that he could waive this right to withdraw the plea after announcement but before signing and filing. The court propounded intensive queries to appellant as to whether he wished to waive this right, and appellant "reckoned" that he waived his right to withdraw after announcement but before signing and filing. The court orally announced sentence and signed it, but before it was delivered to the clerk appellant orally moved to withdraw his plea of guilty. He later filed his written motion to vacate, arrest, and set aside the sentence and judgment, and from an overruling of these motions appeals. *Held:*

Code § 27-1404 provides that "at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such

former plea shall not be given in evidence against him on his trial." Since "pronouncement" means the signing of the written sentence by the judge, *Morgan v. Mount,* 195 Ga. 281 (24 SE2d 17); *Rutland v. State,* 14 Ga. App. 746, 750 (82 SE 293), appellant here had the right to withdraw the plea as attempted. *Clark v. State,* 72 Ga. App. 603 (34 SE2d 608) and cases cited; *Wright v. State,* 75 Ga. App. 764 (44 SE2d 569) and cases cited; *Blackwell v. State,* 121 Ga. App. 37 (172 SE2d 652); *Ware v. State,* 128 Ga. App. 407.

The state contends the "waiver" of the right to withdraw the plea should be given effect here. However, upon careful reading of the transcript from the arraignment hearing, we can come to no other conclusion than that the court would not allow appellant to plead guilty unless he waived his right to withdraw it after oral announcement of the sentence, a right guaranteed by statute and case law. We know of no authority which requires a defendant to waive this right in order to plead guilty, and the judgment must be reversed. *Ware v. State,* 128 Ga. App. 407. Cf. *Strickland v. State,* 199 Ga. 792 (35 SE2d 463).

This is not to hold that there can be no waiver of the right. The contrary is clearly provided by Code § 102-106. However, it is equally clear that there is an effective waiver only when it is wholly voluntary and comes from the defendant without any solicitation or coercion whatsoever from either the state or the court.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

SUBMITTED JANUARY 12, 1973 — DECIDED MARCH 6, 1973.

*Oliver & Walters, James M. Walters,* for appellant.

*Jeff C. Wayne, District Attorney, Robert W. Lawson,* for appellee.