## 51464. DAVENPORT v. THE STATE.

PANNELL, Presiding Judge.

1. "A plea of guilty may be withdrawn at any time before the sentence is pronounced . . . When is a sentence pronounced? Does the mere signing of the written judgment constitute the pronouncement of the sentence? No, there is one step further to be taken before pronouncement of the sentence is complete. The judgment must be in writing, it must be signed, and it must be filed with the clerk of court." *Ballard v. State,* 131 Ga. App. 847 (207 SE2d 246); Code § 27-1404.

2. Section 1 of the Act providing for probation for first offenders (Ga. L. 1968, pp. 324, 325; Code Ann. § 27-2727) reads: "Upon a verdict of plea of guilty or a plea of nolo contendere but before an adjudication of guilt, the court may, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation as provided by the Statewide Probation Act (Ga. L. 1956, p. 27). Upon violation of the terms of probation, or upon a conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided. No person may avail himself of the provisions of this Act on more than one occasion."

In the present case the appellant had received a probation sentence as a first offender and upon his being charged with and arrested for another crime, a hearing was had on the question of revocation of the probation sentence. At the conclusion of the hearing the court announced that he revoked the probation and that he rendered a judgment of guilty on the prior charge under the First Offender's Act and that he was going to follow

the sentence as given, two years. At this point, the attorney for the appellant announced that the defendant would like to withdraw his plea of guilty. The trial judge overruled the motion.

The sentence of probation was dated June 24, 1975 and was received and filed by the Clerk on June 25, 1975.

It is our view that, upon the application of the provisions of Code § 27-1404 and the cases construing that section to the Act providing for Probation for First Offenders, the reducing to writing of the trial judge's probation sentence and the filing of the same with the Clerk of the Court is a sufficient compliance therewith, so as to prevent the withdrawal of the plea of guilty as a matter of right. The contention of the defendant that he had until the adjudication of guilt, at a hearing to revoke the probation, had been reduced to writing and filed with the Clerk of the Court is, in our opinion, untenable; and that to so hold would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial. We, accordingly, affirm the trial judge.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued November 5, 1975 — Decided November 20, 1975 — Rehearing denied December 4, 1975.

*Leonard Cohen,* for appellant.
*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.