A95A1375. THOMPSON v. THE STATE.
(462 SE2d 404)

Smith, Judge.

Two indictments were returned against Adrian Thompson by a Hall County grand jury, one on three counts of aggravated assault and one on two counts of violation of the Georgia Controlled Substances Act. As a result of Thompson's petition to enter a non-negoti-

ated plea, a nolle prosequi was entered as to two of the charges of aggravated assault, and Thompson pleaded guilty to one count of aggravated assault and one count on the second indictment. Thompson's counsel stated the plea was entered with the understanding that sentencing would be deferred until a pre-sentence investigation could be made and a report filed.

During the plea hearing, the trial court noted that normally a sentence would be imposed immediately on the guilty plea, but that sentencing in this case would be deferred until completion of the pre-sentence investigation. The trial court then stated, "Because I'm going to postpone your sentencing until sometime in the future, I'm going to ask you if you will waive or give up your right to withdraw your plea. Do you give up that right? In other words, will you stand by this plea, no matter what down the road, you will not change your mind on the plea if I postpone the sentencing here today?" Thompson responded, "I'm not going to change my mind." The trial court then accepted Thompson's guilty plea and referred the case to the probation office for preparation of the pre-sentence investigation report.

Approximately two months later, Thompson filed a motion to withdraw his guilty plea, alleging no factual basis for the plea was established as required by Uniform Superior Court Rule 33.9. The trial court denied the motion and sentenced Thompson on the basis of his guilty plea. From this judgment of conviction and sentence Thompson appeals.

Thompson contends the trial court erred in requiring a waiver of his statutory right to withdraw his guilty plea as a condition of acceptance, and we are constrained to agree. This case is controlled by *Ware v. State*, 128 Ga. App. 407 (196 SE2d 896) (1973), which holds that an accused cannot "waive the right to withdraw a plea of guilty before judgment is pronounced." In *Ware*, as here, the defendant attempted to withdraw her guilty plea before sentence was pronounced, but the trial court ruled that she had waived the right to withdraw the plea. Sentence was imposed, and the defendant appealed. This court observed: "Before sentence is passed one accused of a crime may withdraw his plea of guilty as a matter of right. The right given a defendant to withdraw his plea of 'guilty' and plead 'not guilty' at any time before judgment is pronounced, is not qualified or limited. This right has even been upheld where the witnesses have been dismissed, jurors discharged *and sentences delayed at defendant's request*." (Citations and punctuation omitted; emphasis supplied.) 128 Ga. App. at 410. After a thorough analysis of the history of Ga. Code Ann. § 27-1404, now OCGA § 17-7-93, and the relevant decisional law, this court concluded that the accused could not waive this right and that asking an accused for such a waiver was contrary to the legislative intent of the statute. 128 Ga. App. at 410-411. Accord *Farmer v. State*, 128 Ga.

App. 416, 417 (196 SE2d 893) (1973).

As noted in *Ware,* we recognize that the trial court faces a difficult, multifaceted problem in dealing with the acceptance and withdrawal of guilty pleas. Certainly the privilege provided by OCGA § 17-7-93 (b) has been abused in some instances in order to avoid trial or gain some tactical advantage. The trial court no doubt considered "the resulting encroachment upon time of the court and of its officials as well as the added expense to the public through such withdrawal," 128 Ga. App. at 412, as well as, in this instance, the apparent waste of the limited resources of the probation office and its personnel at the defendant's request. But these considerations, important as they are, must yield to the statutory mandate.[1]

"In view of the posture of the record, we are compelled to conclude that appellant had an *unqualified* statutory right to withdraw his guilty plea *at any time* before judgment was pronounced by oral announcement of sentence by the trial court. OCGA § 17-7-93 (b). If a modification is desired as to this unambiguous and long-standing statute, it is a matter for legislative rather than judicial relief." *Chives v. State,* 214 Ga. App. 786, 788 (449 SE2d 152) (1994). The trial court erred in not permitting defendant to withdraw his plea of guilty and enter a plea of not guilty, and in sentencing defendant after he moved to withdraw the plea of guilty.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 5, 1995.

*Summer & Summer, Daniel A. Summer, Chandelle T. Summer,* for appellant.

*Lydia J. Sartain, District Attorney, Denise M. Arenth, Assistant District Attorney,* for appellee.

---

[1] Although this right of withdrawal is unqualified and unlimited, its exercise may have adverse consequences. A trial judge must permit withdrawal, but if the defendant later reconsiders and seeks again to enter a plea of guilty, the judge is in no way obliged to accept a negotiated recommendation or to order a pre-sentence investigation. Under such circumstances, the trial court could — and very well might — refuse to accept anything other than an open-ended, unconditional plea of guilty, followed by immediate imposition of sentence.