## A02A2415. JOHANSON v. THE STATE.
(581 SE2d 564)

BARNES, Judge.

On September 18, 1995, Stephanie Johanson, acting pro se, entered a negotiated plea to four counts of aggravated child molestation and one count of child molestation.[1] She was given concurrent

---

[1] The record reflects that Johanson was represented by two different appointed counsel prior to her guilty plea. There is no indication in the record why she proceeded pro se. The motions to withdraw filed by the appointed attorneys reflect that they withdrew at Johanson's request.

twenty-year sentences for each count with ten years to serve and ten years probation. On February 14, 2002, Johanson filed a motion to withdraw her guilty plea, which the trial court denied. She appeals pro se from that order. Finding no error, we affirm.

1. Johanson enumerates several arguments in support of her contention that the trial court erred in denying her motion to withdraw her guilty plea. After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion. *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996). See also Uniform Superior Court Rule 33.12 (A).

(a) Johanson first argues that under OCGA § 17-7-93 (b), which gives a criminal defendant the right to withdraw her guilty plea "[a]t any time before judgment is pronounced" and OCGA § 42-8-60 (a), which provides that a trial judge who elects to give a defendant first offender status does so "without entering a judgment of guilt," she is entitled as a matter of right to withdraw her guilty plea. This Court, however, has previously rejected this argument and held OCGA § 17-7-93 inapplicable to pleas resulting in first offender status. See *Fair v. State*, 245 Ga. 868, 877 (8) (268 SE2d 316) (1980); *Heath v. State*, 148 Ga. App. 559 (252 SE2d 4) (1978); *Davenport v. State*, 136 Ga. App. 913 (2) (222 SE2d 644) (1975).

While *Davenport* and *Heath* involved convictions following the revocation of a first offender probated sentence, we believe the principle, that a defendant may not withdraw a first offender plea as a matter of right, to be applicable in the present case. To hold otherwise "is, in our opinion, untenable[ ] and . . . would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial." *Davenport*, 136 Ga. App. at 914 (2).

(b) Johanson next contends the trial court erred in denying her motion to withdraw her guilty plea because it did not comply with USCR 33.9[2] in recording a factual basis for her plea. We do not agree.

> The Supreme Court of Georgia has held that the record of the plea hearing must reveal the factual basis relied on so that a reviewing court may determine whether an abuse of discretion occurred. But there is no requirement that the

---

[2] USCR 33.9 provides: "Notwithstanding the acceptance of a plea of guilty, judgment should not be entered upon such [a] plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."

elements of the crime be proven beyond a reasonable doubt. Rather, the court must satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged. The factual basis may be demonstrated from the record of the guilty plea hearing itself or other portions of the record such as a bond hearing, or the indictment alone may contain sufficient information to show that the facts alleged by the State satisfy all the elements of the charge to which the defendant pled guilty.

(Citations and punctuation omitted.) *Swantner v. State*, 244 Ga. App. 372, 373 (1) (535 SE2d 343) (2000).

A review of the plea hearing reveals that before accepting Johanson's plea, the trial court discussed the attendant rights of a jury trial, including the rights to face the accuser and call witnesses. The trial court also reminded Johanson that she had the right to be represented by counsel, at her own or the court's expense. Johanson testified that she had not been threatened or promised leniency in return for pleading guilty. The trial court then read each separate count of the indictment, which included explicit details of the crimes she was charged with, and after each, asked Johanson how she pled. Johanson responded guilty after each count. The prosecutor told the trial court that the charges in the indictment resulted from a statement given by Johanson which had been admitted into evidence.[3] Additionally, the trial court held a lengthy hearing on Johanson's motion to suppress her statement, during which further details of the facts came forth.

Accordingly, "[f]rom these facts, the trial court could determine that [Johanson] knew what [she] was accused of doing and knew that those acts constituted the crimes with which [she] was charged. Therefore, the State presented a sufficient factual basis to comply with USCR 33.9." (Citations and punctuation omitted.) *Swantner*, 244 Ga. App. at 374 (1). See *Jackson v. State*, 271 Ga. 705, 706-707 (2) (523 SE2d 871) (1999).

(c) Johanson also contends that she should have been permitted to withdraw her guilty plea to correct a manifest injustice. See USCR 33.12 (A). She argues that, as the only evidence of her crime, her uncorroborated confession was insufficient to support her conviction under OCGA § 24-3-53. This argument is meritless.

Under OCGA § 24-3-53, "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." A guilty plea, how-

---

[3] Johanson's motion to suppress this statement was denied and is not an issue for this appeal.

ever, does not require corroboration, but "[l]ike a confession out of court, [a guilty plea] ought to be scanned with care and received with caution." (Punctuation omitted.) *Strickland v. State*, 199 Ga. 792, 800 (35 SE2d 463) (1945). Once the validity of a plea of guilty has been questioned by a defendant, the State has the burden to show that the plea was intelligently and voluntarily entered. *Moore v. State*, 225 Ga. App. 860, 861 (1) (485 SE2d 552) (1997).

Here, as pointed out above, the transcript of the guilty plea hearing reflected a careful inquiry by the court showing that Johanson fully understood the nature of the charges, the consequences of her plea, and the rights she was relinquishing. Accordingly, the trial court did not abuse its discretion in denying Johanson's motion to withdraw her guilty plea. *Moore*, 225 Ga. App. at 861 (1).

2. Johanson's contention that the trial court erred by sentencing her to both confinement and probation in violation of the First Offender Act is also meritless.

The First Offender Act provides as follows:

> Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.

OCGA § 42-8-60 (a). Johanson argues that the explicit language of the statute mandates a sentence of either confinement or probation, but not both. We do not agree.

A sentence imposed under OCGA § 42-8-60 upon a defendant as a first offender lies entirely within the discretion of the trial court. *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999). OCGA § 17-10-1 (a) (1) grants to the sentencing judge the "power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper." Whether to grant probation as to all or part of any sentence is discretionary. See *Camaron v. State*, 246 Ga. App. 80, 82 (1) (539 SE2d 577) (2000).

The cases Johanson cites as authority are not relevant. In those cases the issue was whether, in the absence of a clear legislative intent, a period of continuous and uninterrupted "incarceration" can ever be considered a reasonable *condition* of "probation." See *Penaherrera v. State*, 211 Ga. App. 162 (1) (438 SE2d 661) (1993); see also *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992). In

this case, Johanson's probation was not conditioned upon her spending some specified time incarcerated. She was sentenced to a twenty-year term of incarceration with ten years probated.

Furthermore, we note that the trial court imposed the sentence recommended pursuant to the negotiated plea agreement and Johanson neither objected nor questioned the sentence, which specified that she would serve ten years in confinement and ten years probation. "Where the State upholds its side of the [plea] bargain, the trial court does not err in requiring the defendant to honor his obligations." *Gibson v. State*, 257 Ga. App. 134, 135 (1) (570 SE2d 437) (2002).

3. Johanson also argues that the trial court erred in denying her motion to withdraw her guilty plea because she was not adequately advised of her appeal rights during her plea hearing nor afforded appointed counsel to assist her on appeal. She contends that, because she was not informed of such rights by the trial court, she is entitled to an out-of-time appeal. The record, however, is devoid of any evidence of Johanson's motion for an out-of-time appeal or the trial court's denial of such motion. Accordingly, under these circumstances, there is nothing for us to review.

We note for Johanson's elucidation that, as the movant, Johanson bears the burden of showing "good and sufficient" reason entitling her to an out-of-time appeal. *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998). Because the superior court has no duty to advise a defendant that she may have a right to directly appeal the convictions that result from the entry of her guilty plea, the trial court's failure to perform this nonexistent duty would not enable Johanson to meet her burden of proving a "good and sufficient" reason entitling her to an out-of-time appeal. *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

*Judgment affirmed. Ruffin, P. J., concurs. Adams, J., concurs in the judgment only.*

DECIDED MARCH 11, 2003.

Stephanie Johanson, *pro se.*
Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, for appellee.