A03A2554. STINSON v. THE STATE.
(592 SE2d 141)

</div>

BLACKBURN, Presiding Judge.

Following the trial court's denial of his motion to withdraw his guilty plea, Timothy Stinson appeals, contending that, although he signed a Drug Court Contract obligating him to undergo drug rehabilitation, he nonetheless retained the ability to withdraw his plea as a matter of right prior to being sentenced. For the reasons set forth below, we are constrained to agree and reverse.

The record shows that, on December 1, 1998, Stinson was charged with a violation of the Georgia Controlled Substances Act.

---

[7] *Oasis Goodtime Emporium I v. Crossroads Consulting Group*, 255 Ga. App. 375, 376 (565 SE2d 573) (2002).

On December 8, 1998, after Stinson had been fully informed of his rights, the trial court accepted Stinson's plea of guilty to the charged offense. On that same date, rather than sentencing Stinson, the trial court allowed Stinson to sign a Drug Court Contract, pursuant to which he agreed to participate in certain rehabilitation programs. This contract states, in relevant part:

> I, Timothy Stinson[,] understand that I have been permitted to participate in the Drug Court Program, and that I must fully comply with the counseling recommendations and other court orders set forth. I also understand that I have entered a plea of guilty to these charges and if I fail to obey the terms of this contract, I shall be terminated from the Drug Court and sentenced within the discretion of the court.

On March 21, 2001, a bench warrant was issued for Stinson's arrest because he had violated the Drug Court Contract by missing rehabilitation treatment sessions. Stinson was subsequently arrested and then released after the trial court ordered him to continue rehabilitation and to comply with the terms of the Drug Court Contract. Thereafter, on August 20, 2002, the trial court issued a "pick-up order" for Stinson because, once again, he violated the Drug Court Contract by failing to appear in court at a certain time.

On January 16, 2003, the trial court conducted a hearing to determine whether Stinson should be terminated from the Drug Court Program. At the hearing, Stinson filed a motion to withdraw his guilty plea as a matter of right because he had not yet been sentenced by the trial court. Although acknowledging that Stinson had not been sentenced, the trial court denied his motion to withdraw his plea, terminated him from the Drug Court Program, and sentenced him to five years of probation. Stinson now appeals this ruling.

This case is controlled by *Ware v. State*,[1] which holds that an accused cannot "waive the right to withdraw a plea of guilty before judgment is pronounced." In *Ware*, as here, the defendant attempted to withdraw her guilty plea before sentence was pronounced, but the trial court ruled that she had waived the right to withdraw the plea. Sentence was imposed, and the defendant appealed. This court observed: "Before sentence is passed one accused of a crime may withdraw his plea of guilty as a matter of right. The right given a defendant to withdraw his plea of 'guilty' and plead 'not guilty' at any time before judgment is pronounced, is not

---

[1] *Ware v. State*, 128 Ga. App. 407 (196 SE2d 896) (1973).

qualified or limited. This right has even been upheld where the witnesses have been dismissed, jurors discharged *and sentences delayed at defendant's request."* (Citations and punctuation omitted; emphasis supplied.) [*Id.*] at 410. After a thorough analysis of the history of Ga. Code Ann. § 27-1404, now OCGA § 17-7-93, and the relevant decisional law, this court concluded that the accused could not waive this right and that asking an accused for such a waiver was contrary to the legislative intent of the statute. [*Ware,* supra] at 410-411. Accord *Farmer v. State.*[2] As noted in *Ware,* we recognize that the trial court faces a difficult, multifaceted problem in dealing with the acceptance and withdrawal of guilty pleas. Certainly the privilege provided by OCGA § 17-7-93 (b) has been abused in some instances in order to avoid trial or gain some tactical advantage. The trial court no doubt considered "the resulting encroachment upon time of the court and of its officials as well as the added expense to the public through such withdrawal," [*Ware,* supra] at 412, as well as, in this instance, the apparent waste of the limited resources of the probation office and its personnel at the defendant's request. But these considerations, important as they are, must yield to the statutory mandate.

*Thompson v. State.*[3]

And, the State's attempt to analogize the present case to one in which a defendant is sentenced as a first offender does not change this result. Although we have held that the provisions of OCGA § 17-7-93 do not apply to pleas which result in first offender treatment because to do so would frustrate the purpose of the First Offender Act, see *Davenport v. State,*[4] similar treatment cannot be conferred on this case because Stinson was never sentenced.

In finding that OCGA § 17-7-93 is not applicable in cases where an individual receives first offender status, we explained:

It is our view that, upon the application of the provisions of [OCGA § 17-7-93] and the cases construing that section to the Act providing for Probation for First Offenders, the reducing to writing of the trial judge's *probation sentence* and the filing of the same with the Clerk of the Court is a sufficient compliance therewith, so as to prevent the withdrawal of the plea of guilty as a matter of right. The conten-

---

[2] *Farmer v. State,* 128 Ga. App. 416, 417 (196 SE2d 893) (1973).
[3] *Thompson v. State,* 218 Ga. App. 444, 445 (462 SE2d 404) (1995).
[4] *Davenport v. State,* 136 Ga. App. 913 (222 SE2d 644) (1975).

tion of the defendant that he had until the adjudication of guilt, at a hearing to revoke the probation, had been reduced to writing and filed with the Clerk of the Court is, in our opinion, untenable; and that to so hold would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial.

(Emphasis supplied.) *Davenport*, supra at 914 (2).

Thus, in cases of first offender treatment, entry of a temporary probation sentence while the defendant undergoes rehabilitation has been held to prevent the defendant from withdrawing his prior guilty plea. Even if such treatment could be applied in a case where a defendant entered a Drug Court Contract, it could not be extended to the matter now before us because the trial court never entered a sentence of any kind. And, in the absence of any such sentence, we have no choice but to find that Stinson retained the ability, as a matter of right, to withdraw his guilty plea.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 26, 2003 —
RECONSIDERATION DENIED DECEMBER 16, 2003 — ▮▮▮▮▮▮▮▮

*Lane & Crowe, Robert L. Crowe*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Ann S. Williams, Leslie K. DeVooght, Assistant District Attorneys*, for appellee.

*Patrick C. Kaufman*, amicus curiae.