S04G0742. THE STATE v. STINSON.
(602 SE2d 654)

HINES, Justice.

This Court granted certiorari in *Stinson v. State*, 264 Ga. App. 774 (592 SE2d 141) (2003), to consider whether the Court of Appeals erred by holding that, under the circumstances of the case, Stinson retained his right to withdraw his guilty plea. For the reasons which follow, we find that the Court of Appeals mistakenly concluded that

the 1998 Revised Probate Code in this situation. See OCGA § 53-1-1.

Stinson retained the ability as a matter of right to withdraw his guilty plea, and therefore, we reverse.

The relevant facts are set forth in the opinion of the Court of Appeals. On December 1, 1998, Timothy Stinson was charged with violating the Georgia Controlled Substances Act by unlawfully possessing Xanex. On December 8, 1998, Stinson pled guilty to the charged drug offense, and signed a Drug Court Contract. The contract provided in relevant part:

> I, Timothy Stinson[,] understand that I have been permitted to participate in the Drug Court Program, and that I must fully comply with the counseling recommendations and other court orders set forth. I also understand that I have entered a plea of guilty to these charges and if I fail to obey the terms of this contract, I shall be terminated from the Drug Court and sentenced within the discretion of the court.

Stinson violated the contract by missing rehabilitation treatment sessions, and a bench warrant was issued for his arrest on March 21, 2001. Stinson was arrested, but then released after the trial court ordered him to continue rehabilitation and to comply with the terms of the Drug Court Contract. After Stinson again violated the contract by failing to timely appear in court, the trial court issued a "pick-up order" for Stinson on August 20, 2002.

The trial court held a hearing on January 16, 2003 to determine whether Stinson should be terminated from the Drug Court Program. At the hearing, Stinson filed a motion to withdraw his guilty plea as a matter of right because he had not yet been sentenced by the trial court. The trial court denied the motion to withdraw the guilty plea, terminated Stinson from the Drug Court Program, and sentenced him to five years to be served on probation.

Stinson appealed, and the Court of Appeals reversed the judgment of the trial court, stating that it felt constrained to do so. Relying on its earlier decision in *Thompson v. State*, 218 Ga. App. 444, 445 (462 SE2d 404) (1995), quoting *Ware v. State*, 128 Ga. App. 407 (196 SE2d 896) (1973), the Court of Appeals held that an accused cannot waive the right to withdraw a guilty plea before sentencing because of the statutory mandate of OCGA § 17-7-93 (b).[1] The Court of

---

[1] OCGA § 17-7-93 (b) provides:
If the person pleads "guilty," the plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce the judgment of the law upon the person in the same manner as if he had been convicted of the offense by the verdict of a jury. At any time before judgment is

Appeals acknowledged its decision in *Davenport v. State*, 136 Ga. App. 913 (222 SE2d 644) (1975), that the provisions of OCGA § 17-7-93 (b) did not apply to pleas resulting in treatment as a first offender because to do so would frustrate the purpose of the First Offender Act. See OCGA § 42-8-60 et seq.[2] However, the Court concluded that similar treatment could not be accorded this case because Stinson was never sentenced.

The Court of Appeals' reasoning is flawed and its conclusion unwarranted. In *Davenport v. State*, the defendant had received probation as a first offender and after he was charged with and arrested for another crime, there was a hearing on the question of revocation of his probation. Id. at 913. At the conclusion of the hearing, the trial court announced that it had revoked probation and that it had rendered a judgment of guilty on the prior charge under the First Offender Act, and that it was "going to follow the sentence as given, two years." Id. at 913-914. Then defense counsel announced that Davenport wanted to withdraw his guilty plea, but the trial court overruled the motion. The Court of Appeals rejected Davenport's contention that he had the right to withdraw his plea "until the adjudication of guilt," had been reduced to writing and filed with the clerk of court. See *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980). The Court of Appeals rightly reasoned that to accept that Davenport retained the right to withdraw his guilty plea was to completely subvert the provisions of the First Offender Act and was therefore, "untenable." The Court stated that "to so hold would

pronounced, the accused person may withdraw the plea of "guilty" and plead "not guilty"; and the former plea shall not be admissible as evidence against him at his trial.

[2] OCGA § 42-8-60 provides:

(a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:

(1) Defer further proceeding and place the defendant on probation as provided by law; or

(2) Sentence the defendant to a term of confinement as provided by law.

(b) Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law. No person may avail himself of this article on more than one occasion.

(c) The court shall not sentence a defendant under the provisions of this article and, if sentenced under the provisions of this article, shall not discharge the defendant upon completion of the sentence unless the court has reviewed the defendant's criminal record as such is on file with the Georgia Crime Information Center.

constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial." *Davenport* at 914.

The same rationale must be applied in this case. OCGA § 16-13-2 (a),[3] which authorizes alternative treatment like that afforded Stinson, similarly to OCGA § 42-8-60, gives the trial court the discretion to withhold an adjudication of guilt, defer further proceedings, and place the defendant on probation. OCGA § 16-13-2 (a) gives the defendant who pleads guilty to or is found guilty of a drug violation the option, with the trial court's assent, of undergoing a comprehensive rehabilitation program. As in the first offender provisions, the alternative treatment offered under OCGA § 16-13-2 (a), confers substantial benefits upon the defendant. It allows the defendant, upon fulfillment of the terms and conditions of his probation, to be discharged by the trial court and to have the criminal proceedings against him dismissed.

Stinson urges that the record does not show that he was ever sentenced to probation under OCGA § 16-13-2 (a), and therefore, any limitation of OCGA § 16-13-2 (a) on the withdrawal of a guilty plea would not apply to him. But, while the record and the opinion of the Court of Appeals is silent on whether the trial court expressly relied upon OCGA § 16-13-2 (a) in offering the punishment alternative to Stinson, it is beyond dispute that the Drug Court Contract executed by Stinson provided him with the clear option of avoiding an adjudication of guilt upon his successful participation in the Drug Court Program.

---

[3] OCGA § 16-13-2 (a) provides:

Whenever any person who has not previously been convicted of any offense under Article 2 or Article 3 of this chapter or of any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a narcotic drug, marijuana, or stimulant, depressant, or hallucinogenic drug, the court may without entering a judgment of guilt and with the consent of such person defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require, preferably terms which require the person to undergo a comprehensive rehabilitation program, including, if necessary, medical treatment, not to exceed three years, designed to acquaint him with the ill effects of drug abuse and to provide him with knowledge of the gains and benefits which can be achieved by being a good member of society. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed accordingly. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Code section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this Code section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this Code section may occur only once with respect to any person.

After pleading guilty to the drug charge, the trial court gave Stinson not one, but two, chances to honor the terms of his Drug Court Contract. Stinson failed to do so, and it was only on the brink of his termination from the Drug Court Program and more than four years after he entered his guilty plea that Stinson sought to withdraw the plea. This is precisely the sort of situation that the Court of Appeals found "untenable" in terms of the First Offender Act. To hold that Stinson retained the unqualified right under OCGA § 17-7-93 (b) to withdraw his guilty plea would indeed be a complete abuse of the rehabilitative alternative of participation in the Drug Court Program. It would permit such participants after the passage of years, as in this case, and after prosecution is pragmatically impossible, to withdraw a plea of guilty and demand a trial.

It is plain on the facts of this case, that Stinson's termination from the Drug Court Program and his sentencing were imminent when he sought to withdraw his plea. The Court of Appeals' focus on the fact that a formal sentence had not yet been entered against Stinson was misplaced. See *Johanson v. State*, 260 Ga. App. 181 (581 SE2d 564) (2003). A defendant like Stinson, who has pled guilty and utilized the benefits of a rehabilitative option in order to avoid an adjudication of guilt, may not withdraw the plea as a matter of right under OCGA § 17-7-93 (b). Accordingly, the judgment of the Court of Appeals is reversed.[4]

*Judgment reversed. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

I believe that the Court of Appeals correctly ruled that the trial court did not comply with OCGA § 17-7-93 (b). Accordingly, I dissent to the majority's reversal of the Court of Appeals' judgment.

It is undisputed that OCGA § 17-7-93 (b) provides in relevant part that an accused person may withdraw a plea of guilty and plead not guilty "[a]t *any* time before judgment is pronounced." (Emphasis supplied.) The trial court in Stinson's case never entered a sentence of any kind, not even an oral pronouncement of sentence. See *Coleman v. State*, 256 Ga. 77 (1) (343 SE2d 695) (1986); *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). Thus, I agree with the Court of Appeals that "in the absence of any such sentence, we have no choice but to find that Stinson retained the ability, as a matter of right, to withdraw his guilty plea."

The majority ignores the statutory mandate of OCGA § 17-7-93 (b). In doing so it relies exclusively upon *Davenport v. State*, 136 Ga.

---

[4] Any issue raised by Stinson regarding credit for his time served is not before this Court.

App. 913 (222 SE2d 644) (1975), as authority for its holding that the trial court correctly ruled that Stinson could not withdraw his guilty plea as a matter of right. That reliance, however, is misplaced. *Davenport* did not involve the withdrawal of a guilty plea under OCGA § 17-7-93 (b) and nothing therein supports the majority's holding that the mandatory language of the statute must yield in drug court cases. The majority focuses on the rehabilitative intent of the drug court program embodied in OCGA § 16-13-2 and Stinson's flagrant abuse of the program to conclude that a participant should not be allowed to withdraw a pre-sentence guilty plea as a matter of right. While I agree that it is regrettable that some participants of that program may elect to take advantage of the rehabilitative option afforded to them, I do not find that the potential for or actual existence of abuse authorizes this Court to ignore the plain and unambiguous language of OCGA § 17-7-93 (b). That Stinson's actions fly in the face of the rehabilitative tenets of OCGA § 16-13-2 (a) is without question. However, had the General Assembly desired to qualify the freedom to withdraw a guilty plea after unsuccessful participation in a drug court program, it could have so provided. It is for the General Assembly, not this Court to determine whether drug court program participants should be exempted from OCGA § 17-7-93 (b) should the courts become inundated with participants choosing to forgo the OCGA § 16-13-2 (a) sentencing option by failing to complete the rehabilitative alternative.

Where statutory language is plain and unambiguous, we cannot rely on superfluous dicta in an inapplicable case to rewrite a statute we are obligated to apply. Accordingly, inasmuch as OCGA § 17-7-93 (b) provides the unqualified right to withdraw a guilty plea until pronouncement of judgment by the trial court, I dissent.

DECIDED SEPTEMBER 13, 2004.

*Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Jacquelyn L. Johnson, Assistant District Attorneys*, for appellant.
*Robert L. Crowe*, for appellee.