## A03A2554. STINSON v. THE STATE.
### (609 SE2d 167)

BLACKBURN, Presiding Judge.

In *Stinson v. State*,[1] this Court reversed the trial court's determination that Timothy Stinson had no right to withdraw his plea of guilty after entering into a Drug Court Contract. In making this ruling, we relied on the undisputed fact that the trial court, as it explicitly states on the face of the transcript, had entered no sentence whatsoever at the time that Stinson requested to withdraw his plea, and OCGA § 17-7-93 (b) provides that: "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'; and the former plea shall not be admissible as evidence against him at his trial." See also *Ware v. State*.[2]

In *State v. Stinson*,[3] however, our Supreme Court reversed our opinion, finding that our decision was "unwarranted." We are bound to accept and follow the holdings of our Supreme Court.

Even though the undisputed record shows that the trial court had not sentenced Stinson *in any way* at the time he sought to withdraw his guilty plea, the majority of the Supreme Court found that: "The Court of Appeals' focus on the fact that a formal sentence had not yet been entered against Stinson was misplaced." *State v. Stinson*, supra at 381. This statement of the Supreme Court does not accurately reflect this Court's opinion which focuses on the fact that "the trial court never entered a sentence *of any kind.*" (Emphasis supplied.) *Stinson v. State*, supra at 777.

And, contrary to the Supreme Court majority's implication, there was no "informal" sentence given in this case. During the hearing, the trial court asked: "[Stinson] was a pre-adjudication case, wasn't he?" Then, after this fact is confirmed, the trial court states: "[T]hen he hasn't been sentenced." This statement is clear and unambiguous.

---

[1] *Stinson v. State*, 264 Ga. App. 774 (592 SE2d 141) (2003).
[2] *Ware v. State*, 128 Ga. App. 407 (196 SE2d 896) (1973).
[3] *State v. Stinson*, 278 Ga. 377 (602 SE2d 654) (2004).

Our Supreme Court first determined the trial court had sentenced Stinson and then criticized this Court for not having done so.

Though the facts found by the Supreme Court are not reflected in the record, we are bound to follow their findings and we adopt them here. We find some solace, however, in Justice Hunstein's dissent in which she points out that: "Where statutory language is plain and unambiguous, we cannot rely on superfluous dicta in an inapplicable case to rewrite a statute we are obligated to apply." *State v. Stinson*, supra at 382.

*Judgment affirmed. Ellington and Phipps, JJ., concur in the judgment only.*

DECIDED JANUARY 6, 2005.

*Robert L. Crowe*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Ann S. Williams, Leslie K. DeVooght, Assistant District Attorneys*, for appellee.

*Patrick C. Kaufman*, amicus curiae.