## A05A1295. WINKLES v. THE STATE.
### (620 SE2d 594)

MIKELL, Judge.

Lawrence Winkels[1] was indicted on two counts of aggravated child molestation and one count of child molestation after allegedly forcing his daughter to perform certain sexual acts upon him. Winkels pled guilty to child molestation, and the trial court entered a nolle prosequi order on the aggravated child molestation charges. Winkels was sentenced as a first offender to twenty years to serve ten. After his sentence was pronounced, Winkels filed a motion to withdraw his guilty plea on the grounds that his trial counsel was ineffective, which the trial court denied. On appeal, Winkels challenges the trial court's denial of his motion to withdraw his guilty plea.[2] A ruling on a motion to withdraw a guilty plea after a defendant is sentenced is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion.[3] Finding no such abuse, we affirm.

The record shows that Winkels entered his guilty plea on April 13, 2004, the day that his jury trial was to commence, and that he indicated that he wished to make an *Alford* plea. His trial counsel also informed the court that Winkels wished to be sentenced as a first offender and that he had explained the pros and cons of this request to Winkels. In a lengthy colloquy between Winkels and the trial judge, the judge informed Winkels of the rights he would forego by entering his plea, including his rights to a jury trial, to be present at the trial, to cross-examine witnesses, to subpoena witnesses and testify on his own behalf, and the right not to incriminate himself and to force the state to prove its case. The trial court also established through a series of questions that Winkels was thinking clearly and rationally despite the prescription medication he was taking for a pinched sciatic nerve and depression; that he was able to communicate effectively with his attorneys to make important decisions; that he understood the court proceedings; and that he was satisfied with the legal work of his counsel. Winkels also testified that he had enough time to talk to his attorneys about his case and had no need to confer further with them, nor did he wish to ask his attorneys or the court any questions about his rights.

---

[1] The correct spelling of the defendant's name was provided by the defendant during the guilty plea proceedings.

[2] This is the second appearance of this case before this Court. Winkels's first appeal was dismissed because his notice of appeal was not filed timely. The trial court subsequently granted Winkels's motion for an out-of-time appeal.

[3] *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

Winkels testified that he was not being forced to enter his plea and that he had not been promised anything other than the dismissal of the two counts of aggravated child molestation. At that point, the trial court offered Winkels time to reconsider his decision and explained to him that once his plea was accepted, he would not be allowed to withdraw it. Winkels indicated that he wanted his guilty plea to stand. Based upon the foregoing exchange, the court concluded that Winkels had entered an *Alford* plea, knowingly, intelligently, and voluntarily. The Court accepted Winkels's plea and granted him first offender status but delayed sentencing in order to allow for a pre-sentence investigation. On June 21, 2004, the trial court sentenced Winkels to ten years of prison time and ten years of sex offender probation.

Winkels subsequently replaced his counsel and filed a motion to withdraw the guilty plea on July 21, 2004, alleging ineffective assistance of counsel and that the plea process was improperly conducted. After the hearing on Winkels's motion on September 2, 2004, the court denied the motion, entering a seven-page order that outlined its findings of fact and conclusions of law. Winkels appeals from that order.

1. Winkels argues that the trial court erred when it instructed him that he could not withdraw his guilty plea between the time it was entered and the pronouncement of his sentence, which instruction allegedly contravened OCGA § 17-7-93 (b). We disagree.

Although OCGA § 17-7-93 (b) provides that a defendant may withdraw the plea of "guilty" and plead "not guilty" at any time before judgment is pronounced, it does not apply to pleas resulting in treatment as a first offender.[4] To allow a defendant to retain the right to withdraw his plea despite his first offender status would

> completely subvert the provisions of the First Offender Act and . . . "to so hold would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial."[5]

Accordingly, this enumeration fails.

---

[4] *State v. Stinson*, 278 Ga. 377, 379-380 (602 SE2d 654) (2004). See also *Davenport v. State*, 136 Ga. App. 913, 914 (2) (222 SE2d 644) (1975).

[5] *Stinson*, supra at 379-380, quoting *Davenport*, supra at 914. Accord *Johanson v. State*, 260 Ga. App. 181, 182 (1) (a) (581 SE2d 564) (2003) (physical precedent only).

2. Winkels contends that the trial court erred because it failed to inform him that he was waiving the presumption of innocence, as required by Uniform Superior Court Rule ("USCR") 33.8 (B) (2). Again, we disagree.

It appears from the record that the trial court did not advise Winkels that he was presumed innocent. However, "the question is not whether the trial court followed the letter of USCR 33 but whether the record, as a whole, affirmatively shows the plea was knowing and voluntary."[6] As discussed above, the trial judge engaged Winkels in a lengthy discussion about his rights, his state of mind, his comprehension of the process and his satisfaction with his counsel. Based on our review of the transcript, we conclude that the record as a whole affirmatively shows that Winkels's plea was knowing and voluntary.

3. In his last enumeration of error, Winkels argues that the trial court erred because it did not inform him of the consequences of the First Offender Act in Florida, the state of his residence. In the argument portion of his appellate brief, however, Winkels focuses on the trial court's failure to advise him of the possible maximum sentence that would be triggered by the First Offender Act. He maintains that this failure, along with the court's failure to provide additional information about general first offender consequences, violated USCR 33.8 (C) (3).

The record shows that there was no discussion as to Winkels's domicile, but he was advised of the maximum penalty for his offenses. Pretermitting whether the trial court should have provided additional information about the consequences of first offender treatment, the same analysis applied in Division 2 applies here. Because we find that the record shows that Winkels's plea was knowing and voluntary, this enumeration likewise fails.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 1, 2005 —

*Gary A. Bacon*, for appellant.

*Tom Durden, District Attorney, Mark A. Hendrix, Assistant District Attorney*, for appellee.

---

[6] (Punctuation omitted.) *Wiggins v. State*, 245 Ga. App. 527, 528 (538 SE2d 180) (2000), citing *Johns v. State*, 223 Ga. App. 553, 554 (1) (479 SE2d 388) (1996). See also *Stephens v. State*, 235 Ga. App. 756, 758 (510 SE2d 575) (1998).