**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 7, 2021**

# In the Court of Appeals of Georgia

A21A0938. SANCHEZ v. THE STATE.

McFADDEN, Chief Judge.

Jose Dimitrio Sanchez appeals the dismissal of his motion to withdraw his guilty plea. We hold that under the unusual circumstances of this case, Sanchez properly pursued a pro se motion to withdraw his guilty plea even though the trial court had not entered an order allowing the withdrawal of the attorney who represented him at trial and in plea proceedings. So we vacate the order of dismissal and remand the case for the trial court to consider the merits of Sanchez's motion.

Sanchez was indicted for multiple sexual crimes. In the midst of his jury trial, he pled guilty and on June 20, 2016, the trial court entered a judgment of conviction and sentence. Two days later, Sanchez filed a pro se motion to withdraw his guilty

plea, asserting as one ground that his trial/plea counsel had coerced him into entering the plea.

The trial court conducted two hearings on the motion, both in the same term of court in which it had entered Sanchez's judgment of conviction and sentence. At the second hearing, on September 1, 2016, the state called Sanchez's trial/plea counsel as a witness for the state. The attorney testified that he did not coerce Sanchez into entering a plea.

The trial court denied Sanchez's motion to withdraw his guilty plea. More than three years later, the trial court vacated the order denying the motion to withdraw and ultimately dismissed it on the ground that Sanchez was represented by counsel when he filed his pro se motion to withdraw. Sanchez filed this appeal from the order dismissing his motion.

Sanchez's pro se, written motion to withdraw his guilty plea was a legal nullity because he was still represented by trial/plea counsel when he filed it. *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017). But at the September 1, 2016 hearing on the motion, still within the same term of court in which the court had entered the judgment of conviction and sentence, the trial court treated Sanchez as responsible for his own representation and trial/plea counsel testified for the state and against

2

Sanchez's contentions. At this point, the attorney-client relationship between Sanchez and trial/plea counsel was clearly severed. See Georgia Rules of Professional Conduct, Rule 1.7 ("A lawyer shall not . . . continue to represent a client if there is a significant risk that . . . the lawyer's duties to . . . a third person will materially and adversely affect the representation of the client. . . ."); Rule 1.16 (a) (1) ("[W]here representation has commenced, [a lawyer] shall withdraw from the representation of a client if: the representation will result in violation of the Georgia Rules of Professional Conduct or other law[.]"); Rule 3.7 (a) ("A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness."). So it was "no longer . . . reasonable to treat [Sanchez] . . . as still represented by his trial or plea counsel." *White*, 302 Ga. at 319 (2). See also *Clifton v. State*, 346 Ga. App. 406, 410-413 (814 SE2d 441) (2018) (physical precedent only) (Phipps, Senior Appellate Judge, dissenting).

"No statute sets forth the procedures by which a motion to withdraw a guilty plea may be entertained by the trial court after a sentence has been pronounced[.]" *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010). See also *Loyd v. State*, 288 Ga. 481, 484-485 (2) (a) (705 SE2d 616) (2011) (affirming trial court's denial of oral motion to withdraw guilty plea); *Covington v. State*, 196 Ga. App. 498, (396

3

SE2d 298) (1990) (oral motion to withdraw plea); *Farmer v. State*, 128 Ga. App. 416 (196 SE2d 893) (1973) (reversing denial of oral motion to withdraw plea). Here, within the same term of court in which it had entered Sanchez's judgment of conviction and sentence, the trial court entertained Sanchez's challenge to his plea while he was no longer represented by counsel. Under these unusual circumstances, we hold that Sanchez properly may pursue his timely motion to withdraw his guilty plea effectively raised at the September 1 hearing. To the extent that the trial court dismissed this motion (as opposed to the written motion filed pro se while still represented by counsel), we vacate that order and remand this case for further proceedings not inconsistent with this opinion.[1]

*Judgment vacated and case remanded with direction. Senior Appellate Judge Herbert E. Phipps concurs.  Rickman, P. J., concurs in the judgment only.*

---

[1]As noted, the trial court initially denied the motion to withdraw but later vacated the denial. So our opinion vacating the dismissal order leaves the motion pending in the trial court.