## 65693. JONES v. THE STATE.

QUILLIAN, Presiding Judge.

Melvin Jones and James Davie were convicted of the offense of burglary. Defendant Jones appeals from the verdict and judgment.

John Bell left his home in Augusta, Georgia, and went on vacation late in July and early August of 1978. While he was gone, Mrs. Wells, a neighbor, was picking up the mail and newspapers and checking on the security of the house. On the morning of August 2 she saw that a window in the dining room and a small window in the rear door had been broken. She called the police and notified a neighbor who lived adjacent to Bell — Mr. Carlton. Carlton's house had been burglarized previously. When the police arrived she and Carlton went to Bell's house. Mrs. Wells and one of the policemen entered the house and heard a noise. Mrs. Wells left and one of the police said: "Come out of there." One person "sort of calmly" strolled out of the house and "took off running." Defendant Jones was apprehended inside the house and while being taken to the police car escaped from the police. Mr. Carlton, a soldier, ran after Jones and captured him. Jones said: "Let me go, Man, they're going to put me in jail." And Carlton testified that he said: "No, because y'all broke in my house also." Counsel objected and moved for a mistrial which was denied and the jury was instructed to disregard the statement.

A ring was taken from Jones' pocket after his arrest. Bell identified a ring at trial as like the one he had given his wife, which had been taken during the burglary. Apparently the officer who took the ring from Jones was murdered before the trial took place and the prosecutor never further identified the ring and did not offer it into evidence. During closing argument the prosecutor showed the ring to the jury. Following objection the jury was instructed to disregard it.

Mr. Bell testified that the entire house had been thoroughly ransacked and the contents strewn about the floor. He was missing a tape deck, sewing machine, portable typewriter, four watches, a man's ring, a coin collection, and some of his wife's jewelry. Davie said that he had never been in the house. A police officer testified that Davie gave him a written statement, in his own handwriting, that he and at least five other persons had broken into and burglarized the Bell home. He admitted that he had gotten some old coins and they had taken an eight-track tape player, a typewriter, and a sewing machine. Jones stated that this was the first time he had been in the house and he had been told that it was abandoned and that the ring taken from him at his arrest had been given to him by Wade Harris. Wade Harris was one of the persons mentioned in Davie's statement who had participated in the burglary.

Jones brings this appeal, enumerating as error the statement by the witness Carlton that he had burglarized his home, and the prosecutor showing the stolen ring to the jury although it had not

been introduced in evidence. *Held:*

In both instances complained of the trial court instructed the jury to disregard the testimony. Counsel for defendant did not renew his motion for a mistrial nor did he request further curative instructions. "The granting or refusal to grant a motion for mistrial lies within the sound discretion of the trial court and this discretion will not be interfered with unless the grant of a mistrial is essential to preserve the right to a fair trial." *Ladson v. State,* 248 Ga. 470, 478 (285 SE2d 508). "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State,* 250 Ga. 3, 4 (295 SE2d 315). We have found no abuse of discretion by the trial court in the procedure followed. *Parrish v. State,* 160 Ga. App. 601, 604 (287 SE2d 603). Furthermore, "[w]hen [as in the instant case] a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instructions nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." *Cherry v. State,* 220 Ga. 695 (5) (141 SE2d 412). These enumerations are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL, 18, 1983.

*Victor C. Hawk,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.