## 68081. PAUL v. THE STATE.

BANKE, Presiding Judge.

The appellant was convicted of aggravated assault and armed robbery. Prior to trial, the victim positively identified the appellant from a photographic display and a police line-up, and during the trial she identified him from the witness stand. It is apparent from her testimony that she had ample opportunity to observe him at the time the offenses were committed. In addition, both she and another witness identified the car used by the assailant, and a vehicle meeting its description was ultimately traced to the appellant. Although the appellant denied having committed the offenses, he admitted to police that he had been in the vehicle in question on the night the offenses were committed. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty of both offenses beyond a reasonable doubt. See generally *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Appellant contends that the trial court erred in denying his motion for mistrial made in response to certain comments by the assistant district attorney in closing argument. Assuming arguendo that the argument was improper, "[w]hen [as here] a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instructions nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." *Cherry v. State*, 220 Ga. 695 (5) (141 SE2d 412) (1965); *Jones v. State*, 166 Ga. App. 302 (304 SE2d 110) (1983).

3. When he orally sentenced the appellant for the two offenses, the trial court did not indicate whether the sentences were to be served concurrently or consecutively; however, the court's written sentence provides that the sentences shall be served consecutively. The appellant contends that the written sentence constitutes an impermissible increase in punishment. "An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. *Morgan v. Mount*, 195 Ga. 281 (24 SE2d 17) (1943). However, the oral declaration of the sentence may not be increased after the defendant has begun to serve it. *Carrindine v. Ricketts*, 236 Ga. 283, 288, 290 (223 SE2d 627) (1976)." *Curry v. State*, 248 Ga. 183 (4) (281 SE2d 604) (1981). Contrary to appellant's assertion, the record in this case does not indicate that the written sentence was entered after the oral pronouncement had been made. Ab-

sent some evidence to the contrary, we will not presume that the defendant had begun serving the sentence prior its formal entry.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 27, 1984.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.