## A96A1031. FETTEROLF v. THE STATE.
(478 SE2d 889)

RUFFIN, Judge.

Wayne Fetterolf was charged with four counts of child molestation and one count each of aggravated child molestation, sexual battery, rape, statutory rape, incest and contributing to the unruliness of a minor. The indictment alleged that Fetterolf's daughter, who was under age 14, was the victim of all the offenses. The trial court granted Fetterolf a directed verdict on the charges of sexual battery

and contributing to the unruliness of a minor. The jury acquitted Fetterolf of all other offenses except Count 2, in which it found Fetterolf guilty of child molestation for placing his hand on the breast of the victim, which was an immoral and indecent act committed with intent to arouse and satisfy his sexual desires. Fetterolf appeals, and we affirm.

1. Fetterolf asserts that the trial court erred in denying his motion to dismiss the indictment because it did not allege specific dates on which the offenses occurred. The indictment alleged that the offenses occurred "between the 1st day of December, 1991 and the 30th day of April, 1992. . . ." " 'This was a sufficient allegation as to dates. . . . [Fetterolf] offered no alibi evidence, nor did he at any time request a continuance on the ground of surprise, nor did he otherwise express a need for additional time to rebut any evidence presented by the State. Consequently, it does not appear that the failure to allege the specific date[s] of the offense[s] in the indictment materially affected his ability to present a defense.' [Cit.]" *Lane v. State*, 223 Ga. App. 740, 743-744 (6) (479 SE2d 350) (1996). Accordingly, the trial court did not err in denying the motion. See id.

2. Fetterolf asserts that the trial court erred in failing to answer a question posed by the jury during deliberations. The transcript shows that while deliberating, the jury submitted the following question to the court: "[a]ny offense that we believe happened before 1 December '91 or after 30 April '92 can we consider in a finding of guilty?" After argument by the State and Fetterolf concerning an appropriate response, the court informed the parties of the instruction it would give the jury. When the court summoned the jury to give them the instruction, the bailiff informed the judge: "[t]hey say leave them alone." The trial judge then asked the foreperson: "[y]ou don't need an answer to the question?" The foreperson answered, "[n]o, sir," and shortly thereafter the jury returned to the courtroom and announced its verdict.

This issue is controlled by *Johnson v. State*, 254 Ga. 591, 602 (18) (331 SE2d 578) (1985), which involved facts almost identical to those in this case. In *Johnson*, the Georgia Supreme Court ruled that " '[w]here, after requesting a recharge, the jury returns a verdict before the trial judge has time to recharge, the trial judge's failure to recharge before the verdict is reached does not require reversal.' [Cit.]" Id. It is clear in this case that the jury not only informed the court it no longer needed the previously requested instructions, but also that the jury returned its verdict before the court had an opportunity to provide any further instructions. Accordingly, we find no error.

3. Fetterolf asserts that the trial court erred in admitting similar transaction evidence without conducting a legal relevance balancing

test. The similar transaction evidence concerned four other incidents of sexual misconduct involving young females, and the court admitted it to show Fetterolf's bent of mind, course of conduct and lustful disposition. Citing *Adams v. State*, 208 Ga. App. 29, 34 (3) (a) (430 SE2d 35) (1993), Fetterolf argues that the trial court was required to conduct, on the record, a balancing test to determine whether the purposes for which the evidence was introduced outweighed its prejudicial impact. However, as the Georgia Supreme Court noted in *Farley v. State*, 265 Ga. 622, 625-626 (2) (458 SE2d 643) (1995), "[o]nly four judges concurred in Division 3 of *Adams*, whereas five judges did not. Accordingly, Division 3 of *Adams* is not binding authority and is a physical precedent only by virtue of the Court of Appeals own Rule 33 (a). Moreover, *Adams*' conclusion that such an express balancing determination is mandated appears to have been created ex nihilo because none of the cases cited supports such a requirement." Accordingly, Fetterolf's assertion that the trial court was required to conduct such a balancing test on the record is without merit.

4. Fetterolf asserts that the trial court erred in allowing the State to use similar transaction testimony to contradict the victim's testimony. Fetterolf contends that the victim testified that he, Fetterolf, did not touch her breasts and that there was no conflicting evidence showing that he did touch her breasts. Fetterolf argues that under these circumstances, the State's sole purpose in introducing the similar transaction testimony was to impeach the victim's testimony that he did not touch her breasts. We disagree. The evidence showed that Fetterolf did touch the victim's breasts and that he had similarly abused a young girl of approximately the same age as the victim.

During the trial, the victim testified repeatedly that Fetterolf touched her breasts. Another witness, who frequently visited Fetterolf's residence, testified that he saw Fetterolf "fondle" the victim's breasts. The similar transaction witness about whom Fetterolf complains testified that she was friends with the victim in 1990, when they were both in seventh grade. During this time, the similar transaction witness visited the victim's house on a daily basis and stayed the night on occasion. The witness testified that when she visited the Fetterolf residence, Fetterolf "would touch me, my breasts, but not — he would not go up my shirt. He would touch me on my butt." The witness stated that Fetterolf touched her breasts on approximately five occasions and touched her buttocks on approximately ten occasions. The witness also stated that Fetterolf would often compare her breasts and buttocks with the victim's.

" 'In a child molestation case, the sexual molestation of young children, regardless of sex or type of act, is [of] sufficient similarity to

make the evidence admissible.'" (Citations omitted.) *Green v. State*, 212 Ga. App. 250, 251 (2) (441 SE2d 689) (1994). Because there was evidence that Fetterolf touched the victim's breasts and the similar transaction testimony showed that Fetterolf sexually abused the witness who was also a young female, the trial court did not err in admitting the testimony. See id.

5. Fetterolf asserts that the trial court erred in admitting testimony by a State's witness describing the content of photographs not in evidence. The witness testified that while visiting the victim at Fetterolf's residence, the victim showed him a photo album containing pictures of the victim's "breasts, the butt, and the crotch area." According to the witness, the pictures were taken when the victim was 12 to 14 years old. The photographs were not introduced into evidence, and Fetterolf objected to the testimony concerning the contents of the photographs on the ground that it was hearsay because he had no opportunity to examine the photographs at trial. We disagree.

Although Fetterolf's sole ground for objection at trial was based on hearsay, his argument on appeal asserts that the testimony was inadmissible because there was no evidence that the photographs were of the victim or that he had any connection to the photographs. "[W]e do not consider grounds for objection not raised in the trial court. [Cit.]" *Edwards v. State*, 219 Ga. App. 239, 246-247 (8) (464 SE2d 851) (1995). Accordingly, because Fetterolf failed to object at trial that a proper foundation was not provided for the testimony, we do not consider such objection here. Moreover, although Fetterolf summarily states in his brief that the testimony was hearsay, he has not supported any such contention with argument or citation of authority, in violation of Court of Appeals Rule 27 (c) (2). Accordingly, this argument is deemed abandoned. Id.

6. Fetterolf asserts that the trial court erred in denying him an evidentiary hearing on his selective prosecution defense. We disagree.

"Uniform Superior Court Rule 31.1 requires all motions in a criminal case to be filed at or before the time of arraignment, 'unless time therefor is extended by the judge in writing prior to trial.'" *Roberson v. State*, 195 Ga. App. 379 (1) (393 SE2d 516) (1990). In this case the trial court found, and Fetterolf acknowledged, that the motion was not timely filed and there is no indication that he received an extension. Accordingly, the trial court did not err in denying the motion. See id. Furthermore, we need not address the trial court's other reasons for denying the motion, because "[a] trial court's ruling will be affirmed if it is right for any reason. [Cit.]" *Stovall v. State*, 216 Ga. App. 138, 139 (1) (453 SE2d 110) (1995).

7. Fetterolf asserts that the trial court erred in excluding from

evidence a victim impact statement in which the victim stated that Fetterolf "took [her] virginity." Fetterolf contends that the statement should have been admissible for impeachment purposes because the victim told another man in a letter that he was her "first." We disagree.

Although such evidence might have been admissible if the victim testified that she was a virgin prior to the alleged rape by Fetterolf, the transcript shows that the victim never provided such testimony and the letter to the other man was never brought to the jury's attention. See *Villafranco v. State*, 252 Ga. 188, 194 (2) (313 SE2d 469) (1984); *Jones v. State*, 190 Ga. App. 416, 417 (1) (379 SE2d 189) (1989). Without such testimony by the victim, Fetterolf was prohibited from introducing the disputed evidence under the Rape Shield Statute (OCGA § 24-2-3). *Jones*, supra. Accordingly, we find no error.

8. Fetterolf asserts that there was insufficient evidence to support his conviction. We disagree. "Any hypothesis of innocent conduct on the part of [Fetterolf] is contradicted by the recurring and continuing incidents of touching the [victim], and by the evidence of similar conduct which illustrated [Fetterolf's] state of mind and pattern of conduct. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find [Fetterolf] guilty beyond a reasonable doubt . . . of the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]; [Cit.]." *Bragg v. State*, 217 Ga. App. 342, 343 (2) (457 SE2d 262) (1995).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1996.

*Novy, James & Vaughan, Eugene Novy, Deborah M. Vaughan,* for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys,* for appellee.

