### A00A1630. JENKINS v. THE STATE.
(539 SE2d 542)

BARNES, Judge.

James Jenkins appeals his convictions for rape, two counts of aggravated child molestation, child cruelty, child molestation, two counts of enticing a child, aggravated sodomy, and incest. The victims in the case are his two natural daughters. Jenkins contends the trial court erred by (1) denying his motion for a mistrial, (2) refusing to allow him to question the prior sexual history of one of the victims, (3) prohibiting him from presenting evidence of an alleged prior false allegation of rape by one of the victims, and (4) not entering a sentence on two of the counts before he began serving his sentence. We find no reversible error and affirm.

Viewed most favorably in support of the verdict, the evidence shows that both victims testified that Jenkins forced them to have sexual relations with him, and one victim testified that he forced her to put her mouth on his penis. Further, both girls testified that Jenkins gave them alcohol and drugs.

1. Jenkins's motion for a mistrial was based on a witness's apparently inadvertent testimony that one of the victims told him Jenkins's brother was in jail for child molestation. Whether to grant a mistrial is a matter within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. *Martin v. State*, 193 Ga. App. 581, 584 (2) (388 SE2d 420) (1989). Under the circumstances, we find no abuse of discretion.

When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. Here, the trial judge acted immediately, ruled out the offensive testimony, and properly instructed the jury not to consider the testimony in its deliberations. Under the

facts of this case, we cannot say that this amounted to an abuse of discretion.

(Citations omitted.) *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). Additionally, the trial court questioned the jurors on whether they could base their verdict on the proper evidence and disregard this testimony, and each individually responded that they could.

2. The trial court did not err by refusing to allow testimony about the prior sexual history of one of the victims. OCGA § 24-2-3; *Chastain v. State*, 180 Ga. App. 312-313 (2) (349 SE2d 6) (1986). The case of *Fetterolf v. State*, 223 Ga. App. 744, 747-748 (7) (478 SE2d 889) (1996), relied upon by Jenkins, does not require a different result. Because the victim did not personally testify that she was a virgin, information about her sexual history could not be used to impeach the witness's testimony. Id. at 748 (7).

3. Because Jenkins acquiesced in the trial court's ruling regarding the exclusion of an allegedly false prior accusation of rape of one of the victims, this issue is not properly before this court. After the court excluded the testimony, Jenkins replied, "Okay. Then I'm going to just stop." "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. (Cit.)" *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986).

4. Although the trial court's oral announcement of the sentence failed to include sentences on the incest count and one of the counts of aggravated sodomy, the written sentence includes the sentence imposed on all charges. There was no error. The written sentence, not the oral declaration of the sentence, is the sentence of the court. *Paul v. State*, 170 Ga. App. 746 (3) (318 SE2d 200) (1984). As no evidence shows that Jenkins started serving the sentence before the written sentence was entered, there is no error. Id.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 18, 2000.

*Melnick & Beall, John A. Beall IV*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.