## A01A1604. SLATER v. THE STATE.
(555 SE2d 8)

SMITH, Presiding Judge.·

Keith Slater was convicted of simple assault after a bench trial. He appeals, contending that his right to a trial by jury, as guaranteed by the Georgia Constitution of 1983, Art. I, Sec. I, Par. XI, was violated and that the trial court erred in ordering restitution. Finding no error, we affirm.

The facts are undisputed. Slater was charged with simple assault upon a customer at his store. The customer was drunk and refused to leave. Slater admits that before the bench trial began, the prosecutor presented defense counsel with a waiver of jury trial form. Defense counsel did not return the form. The case was called, and a bench trial proceeded after defense counsel announced he was "here and ready." Both the State and Slater presented evidence. After arguments, the judge found Slater guilty and announced from the bench that he would sentence him to three months to serve in the county jail, which would be suspended upon payment of a $250 fine. The State then informed the court that the victim had medical expenses. After taking evidence from the victim, the court announced it would change Slater's sentence from three months suspended and a fine to three months probated, a fine of $250, and restitution of the victim's medical expenses. He directed the probation officer to let Slater go as soon as he "does what he is supposed to do."

At that point, defense counsel informed the court that Slater had never waived his right to a jury trial. The court confirmed that counsel had announced ready, then instructed counsel to have a seat in the courtroom with Slater and wait. The court told counsel that "we will get a jury before this term is over with and you can retry it again if you want to." Defense counsel replied: "That's what we want to do," and the court repeated: "You'll have an opportunity to go before a jury." But after this exchange, ignoring the judge's instructions, Slater and his attorney apparently left the courtroom.

In their absence, the judge heard from the prosecutor, who informed the court that Slater's counsel advised him before trial that he had waived jury trial for Slater but not for another defendant. In addition, several weeks before trial, the prosecutor wrote a letter to defense counsel confirming that Slater's case had been set down for a bench trial.

That afternoon, the judge held a hearing to determine whether Slater's counsel should be held in contempt of court for leaving the courtroom. Defense counsel admitted that he had received the waiver of jury trial form. He acknowledged informing the prosecutor he would tell Slater that he thought they should waive a jury trial. He testified he had discussed it with Slater, and Slater said he "would do

whatever I wanted to do." He had decided that "we would proceed this morning, but . . . according to the law in order for his right to a jury trial — in order for that to be waived it must be done on the record or in writing." He readily admitted that he proceeded with the bench trial without returning the waiver form, "[b]ecause I was fully aware that if something happened during the trial that I deemed to be illegal as a result of Mr. Slater not waiving his right to a jury trial we could receive then a jury trial on the issue." When the court resentenced Slater, defense counsel "felt like that was an incorrect procedure by the Court." He also told the court it "had absolutely no right to tell me to sit here and wait all day in this courtroom."

The court found defense counsel in contempt and sentenced him to 48 hours in jail, which counsel promptly announced he was appealing.[1] As to Slater's case, the court was willing to schedule a retrial before a jury, but the prosecutor took the position that the case had already been tried. The court apparently was persuaded by the prosecutor's argument, because it told defense counsel: "You've had your hearing, you've had your case being tried, and you can appeal that too if you don't like it." This appeal ensued.

1. Slater contends that his right to a trial by jury, as guaranteed by the Georgia Constitution of 1983, Art. I, Sec. I, Par. XI, was violated when the court refused him a jury trial.

> Criminal defendants possess essentially two categories of constitutional rights: those which are waivable by defense counsel on the defendant's behalf, and those which are considered "fundamental" and personal to defendant, waivable only by the defendant. Examples of fundamental decisions which only the defendant is empowered to waive are entry of a guilty plea, waiver of a jury trial, and whether to pursue an appeal.

(Citations and punctuation omitted.) *State v. Barrett*, 215 Ga. App. 401, 406 (2) (451 SE2d 82) (1994), overruled on other grounds, *City of Baldwin v. Barrett*, 265 Ga. 489 (458 SE2d 619) (1995). When waiver of the right to a trial by jury is placed in question, the State bears the burden of showing the waiver was knowing and intelligent. It may satisfy this burden either by showing on the record that the defendant was aware of the right he was waiving or by filling in a silent or incomplete record through the use of extrinsic evidence that shows the waiver was knowing and voluntary. *Gary v. State*, 241 Ga. App. 76, 77 (2) (526 SE2d 148) (1999).

Notwithstanding defense counsel's flagrant misuse of the judi-

---

[1] We are not concerned with that appeal in this case.

cial process, we would be constrained to agree with counsel that Slater's right to a jury trial had been violated if presented only with the failure to return the waiver form, the subsequent bench trial, and the belated exercise of the defendant's constitutional right. It is incumbent upon the State to make certain that a jury trial has, in fact, been properly waived. Here, however, the trial court was prepared to afford Slater his right to a jury trial even after the bench trial was concluded. But Slater waived that right when he and his counsel ignored the trial court's instruction to remain in the courtroom until a jury trial could be arranged.

Defense counsel's testimony at the contempt hearing further supports a waiver. Counsel virtually admitted he was aware that a jury trial had not formally been waived, and he planned a cynical manipulation of the judicial process by proceeding with the bench trial and later asserting his right to a jury trial if the result of the bench trial did not please him. We cannot reward this behavior by insisting on the technical requirements of a formal waiver. This is particularly true when defense counsel testified that he discussed the issue with Slater and that Slater left the decision to him. Counsel also testified that he informed Slater that in order for a waiver of the right to a jury trial to be effective "it must be done on the record or in writing." It is apparent, therefore, that Slater acceded to and participated in counsel's plan by proceeding with the bench trial knowing he had not completed the technical requirements for waiving his right to a jury trial. We hold that Slater, by his actions on the record, waived his right to a trial by jury.

2. Slater also contends the trial court erred in ordering restitution because no evidence was presented by the State during the course of the trial as to any monetary damages suffered by the victim. We do not agree.

In his brief, Slater correctly notes that the trial court originally sentenced Slater to three months in the county jail to be suspended upon payment of a $250 fine. As best we understand Slater's argument, he contends that because he was in possession of $250, he would have been able to pay that fine and suspend the jail sentence, and therefore the court never gave Slater time to serve. Citing *Paul v. State*, 170 Ga. App. 746 (318 SE2d 200) (1984), he appears to argue that this court has held that an oral declaration of sentence may not be increased after a defendant has begun to serve it, and he had effectively begun serving his sentence when the court ordered restitution. This argument is specious, because Slater had not actually begun serving any portion of his sentence. See *Jenkins v. State*, 246 Ga. App. 38, 39 (4) (539 SE2d 542) (2000). Moreover, this argument does not address the issue raised in the enumeration. It is well established that an "enumeration of error cannot be enlarged at the appel-

late level by statements in the briefs of counsel to include issues not made in the enumeration. [Cit.]" *Echols v. State*, 149 Ga. App. 620, 625 (3) (255 SE2d 92) (1979).

Second, OCGA §§ 17-14-8 through 17-14-10 specifically contemplate a hearing on the issue of restitution. *Britt v. State*, 232 Ga. App. 780, 781 (2) (503 SE2d 653) (1998).[2] After learning of the victim's medical expenses, the trial court did hold a hearing on restitution in this case. We find no error.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED SEPTEMBER 20, 2001.

*Salter, Shook & Craig, Mitchell M. Shook*, for appellant.
*J. Franklin Edenfield, Solicitor-General*, for appellee.

---

[2] Findings of fact are also contemplated under OCGA § 17-14-8 (a); "failure to make a finding as required by this Code section, however, shall not invalidate any order or other action of the ordering authority." OCGA § 17-14-8 (b).