**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 10, 2014**

# In the Court of Appeals of Georgia

A14A0570. HOOSLINE v. THE STATE.                    DO-020 C

DOYLE, Presiding Judge.

Kim Marie Hoosline entered a negotiated guilty plea to possession of cocaine[1] under OCGA § 16-13-2 (a),[2] and she was sentenced to confinement for a period of five years to be served on probation. Following Hoosline's failure to comply with the terms of her probation, the trial court revoked her probation and sentenced her to ten years, with five months to serve. Following our grant of Hoosline's application for a discretionary appeal, she contends that the trial court erred by resentencing her to

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-13-2 (a) authorizes a conditional discharge for first offenders in certain drug-related cases.

a term longer than her initial five-year sentence. For the reasons that follow, we vacate Hoosline's sentence and remand the case.

When Hoosline entered her negotiated guilty plea in 2007, the prosecutor advised the trial court that Hoosline was pleading guilty to possession of cocaine and "[was] asking for a conditional discharge. . . , and she qualifies." The trial court, in its colloquy with Hoosline regarding the constitutional rights she waived by pleading guilty, advised her that "upon [her] plea of guilty, [she] could be imprisoned for a maximum of [15] years and a fine of up to [$100,000] could be imposed." After reviewing the terms of her probation, the court advised Hoosline that "the rules of probation require [strict compliance], . . . [a]nd we can revoke that conditional discharge in a heart beat if you break the rules." The court then orally "sentence[d]" Hoosline under OCGA § 16-13-2 "to a period of five years."

The trial court entered a sentencing form for Hoosline, which form adjudicated her guilty and sentenced her to five years "which may be served on probation." The form contained a handwritten notation indicating that the guilty plea was entered under OCGA § 16-13-2 and contained an addendum for special conditions of probation, which addendum provided:

2

IT IS THE FURTHER ORDER of the [c]ourt, and the defendant is hereby advised that the [c]ourt may, at any time, revoke any conditions of this probation and/or discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is revoked, the [c]ourt may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deducting therefrom the amount of time the defendant has served on probation.

In March 2011, the State filed a petition to revoke Hoosline's probation based on her failure to report to her probation officer, make payments toward her court-ordered fines, and make herself available for drug/alcohol screens. At the hearing, Hoosline conceded that she was "in violation of technical violations." She argued, however, that the trial court could not impose a sentence that was longer than the five-year sentence she received in 2007. The trial court rejected Hoosline's arguments and entered a final disposition form under OCGA § 16-13-2 revoking her conditional probation, adjudicating her guilty, and sentencing her to ten years, with five months to serve. Hoosline then filed an application for discretionary appeal, which this Court granted.

On appeal, Hoosline argues that the trial court erred by "resentencing" her to a term greater than the five years probation imposed when she entered her guilty plea.

As explained below, because the trial court actually adjudicated Hoosline guilty and imposed a sentence when Hoosline entered her 2007 guilty plea, notwithstanding its apparent intention to accept the plea under OCGA § 16-13-2, it erred by subsequently resentencing her.

OCGA § 16-13-2 (a) provides that in certain drug cases, a trial "court may – without entering a judgment of guilt [–] defer further proceedings and place [the defendant] on probation." Under the statute, the defendant is not sentenced at the time the plea is entered, but is instead placed on probation.[3] If the defendant fulfills the terms of her probation, she will be discharged, without an adjudication of guilt, and the proceedings against her will be dismissed.[4] If the defendant violates the terms of her probation, however, the trial court may enter an adjudication of guilt and sentence the defendant.[5]

---

[3] See *Andrews v. State*, 276 Ga. App. 428, 430 (1) (623 SE2d 247) (2005) ("Under OCGA § 16-13-2 (a), the trial court has the discretion to *withhold an adjudication of guilt and defer sentencing* for drug-related crimes, with the possibility of a complete discharge and dismissal if the defendant successfully completes a probationary period.") (emphasis supplied).

[4] See OCGA § 16-13-2 (a).

[5] See id.

Here, despite accepting Hoosline's plea under OCGA § 16-13-2 (a), and instead of placing her on probation and deferring sentencing as contemplated by that Code section, the trial court adjudicated her guilty and sentenced her to five years to be served on probation.[6]

> [O]nce a defendant begins serving [her] sentence, that sentence can only be increased through resentencing where (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence. Absent these circumstances, the resentencing constitutes a double punishment that runs afoul of the Fifth Amendment prohibition against double jeopardy. . . . If the resentencing is not legislatively authorized or the defendant has a reasonable expectation in the finality of [her] sentence, the trial court may not increase the defendant's sentence once [s]he has begun serving it.[7]

---

[6] We note that the trial court used a standard sentencing form and added a handwritten note indicating that the plea was entered under OCGA § 16-13-2. Because a plea entered and accepted under OCGA § 16-13-2 is not an adjudication of guilt, this form incorrectly reflected an adjudication of guilt and sentence. Instead, in addition to orally explaining the provisions of OCGA § 16-13-2 when a plea is entered, a trial court should enter a document accepting a plea under OCGA § 16-13-2, deferring adjudication, and explicitly stating that successful completion of the terms of probation would result in a complete discharge and dismissal, while a violation of the terms of probation would result in an adjudication of guilt and sentencing on the underlying charge up to the maximum permitted by law.

[7] (Punctuation and citations omitted.) *Williams v. State*, 273 Ga. App. 42, 46 (6) (614 SE2d 146) (2005), citing *Wilford v. State*, 278 Ga. 718, 720 (606 SE2d 252) (2004).

5

Here, although OCGA § 16-13-2 authorizes a trial court to place a defendant on probation and thereafter, upon proof that she failed to comply with the terms of probation, adjudicate the defendant guilty and sentence her as provided by law, the statute does not authorize a trial court to sentence a defendant and then "resentence" her more severely, as the trial court did here.[8] Because Hoosline was sentenced in 2007 and had begun serving her sentence, the trial court erred by sentencing her again in 2011. We therefore vacate the sentence and remand for proceedings consistent with this opinion.

*Judgment vacated and case remanded. Miller, J., concurs specially. Dillard, J., concurs in the judgment only*.

---

[8] Cf. *Wilford*, 278 Ga. at 720 (holding that the defendant, who was sentenced under the First Offender Act, could have his sentence revoked and be resentenced because he "knowingly provided false information to the trial court in order to receive first offender treatment [and therefore had] no reasonable expectation that the resulting sentence [was] final").

A14A0570.  HOOSLINE v. THE STATE.                    MI-020C


MILLER, Judge, concurring specially.

Although I concur with the result reached by the majority, I write separately, because I do not agree that the defendant was in fact adjudicated guilty when the trial court accepted her guilty plea under OCGA § 16-13-2 (the Conditional Discharge Act) and sentenced her to five years on probation. Notably, the plea hearing transcript states that the defendant was sentenced to probation under OCGA § 16-13-2. After Hoosline failed to meet the terms of her probation, the State filed a petition for adjudication of guilt, which specifically stated that Hoosline was sentenced under the

Conditional Discharge Act *without* an adjudication of guilt. At the hearing on the State's petition, the State again pointed out that Hoosline was given five years probation under the Conditional Discharge Act and was not adjudicated guilty. Finally, the trial court's order, in response to the State's petition, specifically stated that Hoosline's conditional discharge under OCGA § 16-13-2 is revoked and "she is adjudicated guilty" of possession of cocaine.

Nevertheless, I agree that the trial court erred in sentencing Hoosline to ten years with five months to serve after revoking her conditional discharge. First, existing case law holds that once a defendant begins serving a sentence under OCGA § 16-13-2 the sentence may not be increased. See *Perdue v. State*, 155 Ga. App. 802, 803 (272 SE2d 766) (1980) (reversing judgment in which trial court sentenced defendant to serve five years consecutive to any other sentence he was presently serving after the trial court revoked the defendant's three-year probationary sentence under Georgia Code Ann., § 79A-9917, the predecessor to OCGA § 16-13-2). Second, even assuming, as the State argues, that OCGA § 16-13-2 is analogous to the First Offender Statute (OCGA § 42-8-60)[1] with regard to imposition of a greater

[1] See *Wilkinson v. State*, 283 Ga. App. 213 (1) (641 SE2d 189) (2006); *Andrews v. State*, 276 Ga. App. 428, 430 (1) (623SE2d 247) (2005).

2

sentence upon an adjudication of guilt, the trial court could not impose a greater sentence in this case because the trial court did not inform Hoosline at the time she entered her plea or in her original sentencing document that a greater sentence could be imposed upon revocation of her probation under OCGA § 16-13-2. See *Mays v. State*, 262 Ga. 90, 92-93 (2) (414 SE2d 481) (1992). For these reasons, I concur in the judgment only.