In the Supreme Court of Georgia

Decided: June 29, 2015

S14G1811.  FLEMING v. THE STATE.

HUNSTEIN, Justice.

We granted certiorari in this case to determine under what circumstances may a defendant receive sentence credit for participation in a drug court program established under OCGA § 15-1-15.  For the reasons set forth below, we hold that no sentence credit for participation in a drug court program is warranted in this particular case.

Katherine Fleming was indicted on two counts of identity fraud and two counts of financial transaction fraud.  She entered a negotiated guilty plea, which allowed for deferred sentencing and participation in a drug court program.  Her negotiated plea agreement specified that she would be sentenced to eight years of probation if she completed the drug court program, but she would be sentenced to ten years, with the first four to be served in prison and the remaining six to be served on probation, including residential substance abuse

treatment, if she failed to complete the program. The agreement also provided that she would make restitution payments under either scenario.

After more than two years in the program, Fleming was terminated from the drug court program for failure to comply with its terms, conditions, and rules. Consistent with the plea agreement, the trial court then imposed a sentence of ten years, with the first four to be served in prison and the remaining six to be served on probation, including residential substance abuse treatment. Fleming appealed to the Court of Appeals, arguing that the trial court erred by refusing to adjust her sentence to give her credit for the time that she spent in the drug court program. The Court of Appeals affirmed her sentence in a decision that was not officially reported, and this Court granted Fleming's petition for a writ of certiorari.

We hold that credit towards Fleming's sentence for her time spent in the drug court program is not warranted because such credit was not part of her plea agreement, the relevant statutes do not provide for credit in this case, and allowing credit would discourage defendants from successfully completing the drug court program.

2

First, pursuant to OCGA § 15-1-15 (a) (2), a court may assign a case to the drug court division if the case "arises from the use, addiction, dependency, sale, possession, delivery, distribution, purchase, or manufacture of a controlled substance, noncontrolled substance, dangerous drug, or other drug or is ancillary to such conduct." The court may assign the case to drug court prior to sentencing if the prosecutor consents, as part of a sentence, or as part of a probation revocation. See id.

Here, the court deferred sentencing while Fleming participated in the drug court program. Once she failed to complete the drug program, her plea agreement dictated that she would then be sentenced to ten years, with four to serve and six on probation. The agreement did not specify that her eventual sentence would be adjusted in any manner to give her credit for the time that she would spend in the drug court program prior to sentencing. Instead, it stated simply and clearly what her sentence would be based solely on her eventual success or failure in the program. Thus, the trial court correctly followed the terms of the plea agreement, to which Fleming had agreed, in sentencing her to confinement and not awarding her any credit for time served in the drug court program.

Second, OCGA § 17-10-11 (a), which governs how credit is to be allotted, does not provide credit for Fleming in this case. This statute provides that full credit is to be given "for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability." Because the trial court deferred sentencing, Fleming was neither under a sentence nor in confinement while she participated in a drug court program.[1] Although she was required to comply with the rules and regulations of the drug court program, she was not confined during this time. Her criminal case was suspended and she was free from jail while she voluntarily participated in various forms of treatment through the drug court program, always with the option to return to jail and face sentencing. See Stinson v. State, 279 Ga. App.

---

[1]We note that Fleming made restitution payments while she voluntarily participated in the drug court program, and she was properly given credit for those payments retroactively once she was actually sentenced. However, the court clerk's acceptance of Fleming's premature payments does not change the fact that Fleming had not yet been sentenced and therefore could not begin serving a sentence. Cf. Huff v. McLarty, 241 Ga. 442, 446 (246 SE2d 302) (1978) ("The defendant's offer [to begin serving his or her sentence] must come at a time when the sentence may lawfully be put into effect.").

4

107, 111 (2) (630 SE2d 553) (2006) (applying a similar statute and holding that the defendant "chose . . . to suspend his criminal case, knowing that if he did not complete the program, he would return to the beginning of the process and start all over"). Similarly, OCGA § 15-1-15 also does not provide for credit for time served, even when the case is assigned to a drug court prior to sentencing.

Finally, the drug court was designed "to provide an alternative to the traditional judicial system." See OCGA § 15-1-15 (a) (1). The drug court statute provides trial courts with wide discretion in crafting a plan for a defendant's rehabilitation and potential punishment. A defendant enrolled in a drug court program gains a valuable benefit because he or she receives treatment and an opportunity to possibly receive a lesser sentence or the dismissal of his or her case upon successful completion of the drug program. See id. at § (b) (2)-(3). If sentence credit were given for time served in a drug court program, there might be less incentive for a defendant to successfully complete the program, for the drug court team in charge of treatment to work with a defendant when he or she broke program rules, and for the State to agree to a drug court program in lieu of a sentence of confinement.

Accordingly, we affirm Fleming's sentence in this case.[2]

Judgment affirmed.  All the Justices concur.

---

[2]We note, as did the trial court, that the time Fleming spent in jail, both before the suspension of her criminal proceedings to allow her participation in the drug court and during the times that she was placed in jail because of her lack of compliance with the drug court program, should be reported by the jail custodian to the Department of Corrections so that she will be given appropriate credit for that pretrial detention.  See OCGA § 17-10-11 (a); Maldonado v. State, 260 Ga. App. 580, 580 (580 SE2d 330) (2003) ("[T]he amount of credit given for time served is computed by the pre-sentence custodian, and it is awarded by the post-sentence custodian. Therefore, the trial court is not involved in this process."  (footnotes omitted)).