**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 29, 2025**

# In the Court of Appeals of Georgia

A25A1128. STOVER v. THE STATE.

PADGETT, Judge.

In 2006, Teyon Terrell Stover was convicted of rape, kidnapping, and other crimes. This Court affirmed Stover's convictions in *Stover v. State*, 293 Ga. App. 210 (666 SE2d 602) (2008). In 2019, the trial court re-sentenced Stover to serve 20 years in prison on the rape charge and 20 years to serve consecutively on the kidnapping charge, with 20 years to serve concurrently on the remaining charges.[1] Stover

---

[1] Stover was originally sentenced in 2006 to serve life plus 60 years in prison but successfully challenged the recidivist grounds of his sentence.

challenged the validity of the new sentence with a habeas corpus petition which was granted in November 2024.[2] This appeal followed.

On appeal, Stover contends that his sentence is void because the trial court violated OCGA § 17-10-6.1 (b)'s prohibition on deferring sentences for rape and kidnapping. We disagree and affirm.

We review de novo whether the trial court properly sentenced Stover under OCGA § 17-10-6.1 (b), which is a question of law. See *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009).

> A sentence is void if the court imposes punishment that the law does not
> allow. When the sentence imposed falls within the statutory range of

---

[2] Stover filed a notice of appeal of his new sentence, but we dismissed that appeal as untimely. See *Stover v. State*, No. A20A0014 (Aug. 16, 2019). In 2020, Stover filed a motion for out-of-time appeal in the trial court, which the trial court granted. Stover then filed an appeal in this court. We vacated the trial court's order granting the motion and remanded for the trial court to dismiss Stover's motion based on the Supreme Court of Georgia's opinion in *Cook v. State*, 331 Ga. 471 (870 SE2d 758) (2022), which held that a motion for out-of-time appeal was no longer available, except through habeas corpus. See *Stover v. State*, A22A0862 (Apr. 19, 2022). While the habeas proceeding was pending, Stover filed another motion to vacate his sentence in the trial court and an appeal of the subsequent denial in this Court, which was dismissed for lack of jurisdiction, holding that res judicata barred Stover from appealing the same sentence he appealed with his out-of-time appeal addressed in A20A0014 (and subsequent habeas proceeding). *Stover v. State*, A23A1666 (July 20, 2023).

punishment, the sentence is not void. So long as the sentence imposed is within the statutory limits, we will not disturb it. Furthermore, while a concurrent sentence is void where a statute requires imposition of a consecutive sentence, sentencing courts generally have great discretion in determining whether to run sentences concurrently or consecutively[.]

*State v. Boddie*, 374 Ga. App. 725, 728 (913 SE2d 860) (2025) (citations and punctuation omitted).

At the time of Stover's offenses,[3] OCGA § 17-10-6.1 (b) provided that

any person convicted of a serious violent felony as defined in [OCGA § 17-10-6.1 (a) (2) through (7)[4]] shall be sentenced to a mandatory minimum term of imprisonment of ten years, and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles.

---

[3] See *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed); accord *Richardson v. State*, 334 Ga. App. 344, 346-347 (1) (779 SE2d 406) (2015). Stover committed the offenses underlying this appeal in January and February 2006.

[4] Under OCGA § 17-10-6.1 (a) (2) and (3), "serious violent felony" includes rape and kidnapping.

Ga. L. 1994, p. 1959, § 11; Ga. L. 1998, p. 180, § 2 (setting forth the version of OCGA § 17-10-6.1 (b) in effect in January and February of 2006).

Stover argues that by making his sentence for the kidnapping count consecutive to his sentence for rape, the trial court improperly "deferred" this sentence, in violation of O.C.G.A. § 17-10-6.1 (b). But a sentence is "deferred" when it is not ordered executed because the trial court addresses the defendant's offenses in a different, alternative way. See, e. g., *O'Ree v. State*, 172 Ga. App. 51, 51 (322 SE2d 89) (1984) (under the First Offender Act, "sentence is deferred while the defendant is given an opportunity . . . to rehabilitate himself" and avoid a felony conviction) (citation and punctuation omitted); see also *Hoosline v. State*, 328 Ga. App. 175, 176 (761 SE2d 576) (2014) (in certain drug cases, a trial court can defer sentencing and instead place a defendant under probation, OCGA § 16-13-2 (a)); *Fleming v. State*, 297 Ga. 606, 608 (774 SE2d 594) (2015) (deferred sentencing during participation in a drug court program meant defendant was neither under a sentence nor in confinement). Here, the trial court did not consider an alternative punishment for Stover. His confinement sentence for the kidnapping charge was imposed in full and ordered to be executed consecutively, i.e., following completion of his time served for

the rape charge. And Georgia law clearly recognizes the authority of a judge to impose consecutive sentences. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010) (a trial court has discretion to impose consecutive or concurrent sentences for multiple offenses as long as the sentence for each offense is within the statutory limits). Further, Stover's sentences of 20 years imprisonment for rape and 20 years imprisonment for kidnapping fall within the statutory ranges for those crimes. See OCGA § 16-5-40 (b) (2006) (kidnapping); OCGA § 16-6-1 (b) (2006) (rape). Because Stover's sentence complies with OCGA § 17-10-6.1 (b), OCGA § 16-5-40 (b), and OCGA § 16-6-1 (b), it is within the statutory range of punishment and not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); see also *Boddie*, 374 Ga. App. at 728. The imposition of a lawful consecutive sentence does not amount to a deferral of that sentence, contrary to the argument asserted by Stover.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*